JOURNAL ENTRY and OPINION
{¶ 1} Appellant M.C. ("mother") appeals the trial court's award of permanent custody of her child ("F.L.") to Cuyahoga County Department of Child and Family Services ("CCDCFS"). Finding merit to this appeal, we reverse and remand.
 {¶ 2} F.L. was born on August 18, 1990, and CCDCFS was awarded temporary custody in February 1995 after F.L. was adjudged neglected. Because service was never perfected on M.C. and the father in the initial adjudication hearing, CCDCFS refiled its complaint for neglect in November 1999 and sought permanent custody of F.L. The grounds for the complaint were that the mother failed to seek treatment for her chronic drug problem, refused to attend parenting classes, failed to establish appropriate housing, and exhibited a lack of commitment toward F.L. by failing to regularly visit or communicate with the child, and that the father was serving a prison sentence of 10 to 15 years.
 {¶ 3} In March 2000, F.L. was adjudged to be neglected, upon agreement of the parties. Subsequently, CCDCFS amended its motion from permanent custody to a permanent planned living arrangement for F.L., which the court granted in June 2000. Two years later, CCDCFS moved to modify the permanent planned living arrangement to permanent custody, and a hearing was scheduled for September 18, 2002.
 {¶ 4} CCDCFS requested that notice of the permanent custody hearing be served on the mother by ordinary mail at the address of 3516 Hyde Avenue in Cleveland. The notice was returned with the notation that "subject does not reside at address." As a result of the unsuccessful attempt at service, CCDCFS moved to continue the hearing until service was perfected. The trial court continued the hearing until October 23, 2002, and notice was reissued. CCDCFS served the mother by certified mail at the same address. Although the address was incorrect, the notice reached the correct address of 3508 Hyde Avenue and was accepted by M.C.'s mother.
 {¶ 5} On October 23, 2002, M.C. appeared for the permanent custody hearing and confirmed her correct address. After the trial court explained her legal rights and the procedures and consequences of the hearing, M.C. denied the allegations of the motion and requested the appointment of counsel. Additionally, she signed a waiver as to any defects in service of the summons of the permanent custody hearing. The court set the matter for an "arraignment/pre-trial" on November 20, 2002 and referred her to the public defender.
 {¶ 6} The record indicates that M.C. appeared for the November 20 pretrial without counsel. Because service was still not perfected on F.L.'s father, the trial court continued the matter for another pretrial on March 5, 2003. Neither mother nor father appeared on March 5, and the trial court continued the pretrial twice, providing notice by ordinary mail of an April 16 pretrial, but no notice of the subsequent May 15 pretrial. Ultimately, at the May 15 pretrial, the court set the matter for an August 14, 2003 trial date. Neither CCDCFS nor the trial court provided any notice to M.C. of the new trial date.
 {¶ 7} The matter proceeded to trial despite the absence of the father and mother. The court found in favor of CCDCFS and granted permanent custody. From this decision, M.C. appeals, raising one assignment of error.
 Jurisdiction/Due Process {¶ 8} In her sole assignment of error, M.C. argues that the trial court lacked jurisdiction to award CCDCFS permanent custody because she was never provided notice of the permanent custody trial.
 {¶ 9} The juvenile court is vested with subject matter jurisdiction over permanent custody proceedings involving abused, neglected, and dependent children under the Ohio Revised Code. See R.C. 2151.23(A)(1); R.C. 2151.353(E)(1). Additionally, the juvenile court acquires personal jurisdiction over a party in a custody proceeding once the party has been duly served with summons and provided notice of the proceedings. In re Miller
(1986), 33 Ohio App.3d 224, 226, citing, In re Frinzl (1949),152 Ohio St. 164, 177; Lewis v. Reed (1927), 117 Ohio St. 152,160-164. See, also, In re Xavier D.-S. (Aug. 14, 2000), Lucas App. No. L-99-1342 (holding that jurisdiction attaches once a party is served with the motion for permanent custody and notice of the initial hearing). Moreover, jurisdiction can be acquired over a party in the absence of proper service when the party voluntarily participates in the proceedings. In re Crow (Jan. 22, 2001), Darke App. Nos. 1521 and 1522.
 {¶ 10} In the instant case, M.C. was duly served with summons on the permanent custody motion and hearing. Moreover, she appeared at the hearing on October 23, 2002, and waived any defects in service. Thus, the juvenile court acquired jurisdiction over her in the permanent custody proceedings. However, even though we find that the court had jurisdiction over M.C., we still find merit to her argument on the basis that she was denied due process.
 {¶ 11} Due process requires that every party to an action must be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." In re Esper, Cuyahoga App. No. 81067, 2002-Ohio-4926, quoting, Ohio Valley Radiology Assoc.Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 125. Moreover, because permanent custody proceedings are comparable to the death penalty in their severity, "the parents are to be afforded every procedural and substantive protection allowed by law," with the most elementary and fundamental requirement being notice. In re Jones (Nov. 22, 2000), Cuyahoga App. No. 76533, quoting, In re Smith (1991), 77 Ohio App.3d 1, 16.
 {¶ 12} Here, it is undisputed that M.C. was not provided notice of either the May 15 pretrial or the August 14 trial. CCDCFS contends that there was no duty to provide such notice once M.C. was properly notified of the motion and initial hearing and once the trial date was entered on the court's docket. We find this argument unpersuasive, especially because the juvenile court's docket is not easily accessible and, further, because the court previously provided notice of a pretrial by postcard. SeeIn re Esper, supra, (finding that defective postcard notice and docket notice of trial date inadequate when postcard notice previously relied on in custody case). Moreover, given the severity of the possible outcome of the trial in this matter, i.e., termination of parental rights, it is puzzling that the court would provide postcard notice for the April pretrial but fail to provide notice for the subsequent trial date.
 {¶ 13} Accordingly, we hold due process requires that notice of a trial date in a permanent custody hearing be provided, even if the party has previously appeared for a pretrial. See In reD.H., Cuyahoga App. No. 82533, 2003-Ohio-6478 (holding that mother was denied due process when she was not provided notice of the trial date and deprived of the right to defend her parental rights in a full adjudication). Thus, we sustain M.C.'s sole assignment of error.
 {¶ 14} Judgment reversed, permanent planned living arrangement reinstated, and matter remanded.
 Kilbane, P.J., and Gallagher, J., concur.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.