OPINION
{¶ 1} Appellant Carol Coleman appeals a judgment in the Court of Common Pleas, Juvenile Division, Stark County, Ohio, terminating her grandparental rights, granting Stark County Department of Jobs and Family Services permanent custody, and finding the child is adoptable. Appellant assigns two errors to the trial court:
 {¶ 2} "I. The trial court abused its discretion by not granting permanent custody to the minor child's maternal grandparents.
 {¶ 3} "II. The trial court committed reversible error by failing to include the minor child's maternal grandparents as parties to the permanent custody action."
 {¶ 4} Amario Wayt was born to Ashley Krienbihl on December 16, 2003. The father of Amario is Ronnie Curry. Ashley Krienbihl was a minor at the time and in the custody of the Stark County Department of Jobs and Family Services ("SCDJFS"). Prior to Ashley being in the custody of SCDJFS she was in the custody of Dalene Wayt. The appellant and Jerry McDonald are the biological parents of Ashley. Appellant was made a party to the proceedings in the trial court.
 {¶ 5} On December 18, 2003, SCDJFS filed a Dependency Complaint on behalf of Amario Wayt and he was placed in their custody.
 {¶ 6} On March 10, 2004, the court found the child to be Dependent child. At the initial dispositional hearing held the same day, the trial court vested temporary custody of the child with the SCDJFS.
 {¶ 7} On June 24, 2004, SCDJFS filed a motion to Modify to Permanent Custody and the trial court set a hearing for September 13, 2004. The motion and notice of the hearing was sent by certified mail to the appellant on June 24, 2004. On July 21, 2004, the motion for permanent custody and notice of the hearing were returned unclaimed by the appellant. The motion and notice of hearing were re-sent to the appellant by ordinary mail on July 22, 2004.
 {¶ 8} On September 13, 2004, the trial court noted that Ashley, the minor mother of Amario, was not present because she was not transported from the Scioto Juvenile Correctional Center in Delaware, Ohio. Accordingly, the trial court rescheduled the hearing for October 13, 2004. Notice of this hearing was not sent by either certified mail or regular mail to the appellant.
 {¶ 9} On October 13, 2004, Ashley stipulated permanent custody of Amario be granted to SCDJFS. On October 26, 2004, the trial court filed its judgment entry and findings of fact and conclusions of law granting permanent custody of Amario to SCDJFS. Appellant timely filed a notice of appeal.
 II. {¶ 10} In her Second Assignment of Error, appellant contends she was not served with the permanent custody trial date and therefore, the trial court lacked jurisdiction in this matter. We agree.
 {¶ 11} In the case at bar, appellant was properly served with the summons on the permanent custody motion and hearing. Appellant attended the Shelter Care hearing on December 19, 2003. Appellant was served with notice, but did not attend, the January 14, 2004 adjudicatory hearing. Thus, the juvenile court acquired jurisdiction over her in the permanent custody proceedings. However, even though we find that the court had jurisdiction over appellant, we still find merit to her argument on the basis that she was denied due process.
 {¶ 12} Due process requires that every party to an action must be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." In re Esper, Cuyahoga App. No. 81067, 2002-Ohio-4926, quoting, Ohio Valley Radiology Assoc. Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 125, 502 N.E.2d 599. Moreover, because permanent custody proceedings are comparable to the death penalty in their severity, "the parents are to be afforded every procedural and substantive protection allowed by law," with the most elementary and fundamental requirement being notice. In re Jones (Nov. 22, 2000), Cuyahoga App. No. 76533, quoting, In re Smith (1991), 77 Ohio App.3d 1,16, 601 N.E.2d 45.
 {¶ 13} Juv.R. R. 2(Y) defines a "party" as "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent ofthat parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." (Emphasis added).
 {¶ 14} Appellee concedes that appellant, who is the grandmother of Amario and the mother the minor Ashley Krienbihl, was properly made a party to the action in the trial court. Appellant was served with a copy of the initial complaint, and with the motion for permanent custody. The initial complaint for permanent custody set the trial date as September 13, 2004. However, on that date Ashley, the minor mother of Amario, was not transported to court from the Scioto Juvenile Correction Center. Accordingly, no hearing was held. The trial court continued the trial until October 13, 2004. A review of the docket verifies that the judgment entry continuing the hearing date to October 13, 2004 was not sent by certified mail or regular mail to appellant.
 {¶ 15} Normally, notice of new or rescheduled hearings is sent to the party's attorney, as prescribed under Juv.R. 20. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892, at ¶ 37-39. Constructive notice of hearings is proper. In re Billingsley, 3rd Dist. Nos. 12-02-07, and 12-02-08, 2003-Ohio-344, at ¶ 8-10; In re Starkey, 150 Ohio App.3d 612,2002-Ohio-6892, at ¶ 31, 37-39; In re Broadzenski (Oct. 26, 1998), Stark App. No. 1997CA00412. The parent's attorney's statement to the juvenile court that he or she communicated with the parent, who failed to appear, proves that the parent had constructive notice of the permanent custody hearing. In re Broadzenski (Oct. 26, 1998), Stark App. No. 1997CA00412.
 {¶ 16} In the case at bar, appellant was not represented by an attorney. It is clear from the record that appellant was not informed of the new hearing date. It should be noted that the juvenile court's docket is not easily accessible. In re F.L., 8th Dist. No. 83536, 2004-Ohio-1255 at ¶ 12. Accordingly, any contention that there was no duty to provide notice of the new hearing date following the court's continuance of the trial on the motion for permanent custody once appellant was properly notified of the motion and initial hearing and once the trial date was entered on the court's docket must fail. Id.
 {¶ 17} R.C. 2151.414 (A) requires the juvenile court to schedule a hearing on a motion for permanent custody and to give notice of filing of the motion and of the hearing to all parties. Pursuant to Juv.R. R. 2 (Y) appellant is a proper party who is entitled to notice. Notice must be given in accordance with R.C. 2151.29. R.C. 2151.29 permits the notice to be mailed by certified or registered mail.
 {¶ 18} Juv.R. 20(A) and (B) state:
 {¶ 19} "(A) Service: when required. Written notices, requests for discovery, designation of record on appeal and written motions, other than those which are heard ex parte, and similar papers shall be served upon each of the parties.
 {¶ 20} "(B) Service: how made. Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service is ordered by the court upon the party. Service upon the attorney or upon the party shall be made in the manner provided in Civ. R. 5(B)."
 {¶ 21} Because the record does not demonstrate proof of service of the continuance of the trial date on appellant, we conclude the judgment must be vacated and the case remanded to the trial court. In re RobertsChildren (Oct. 14, 1997), Stark App. No. 96-CA-0387.
 {¶ 22} The Second Assignment of Error is sustained.
 I. {¶ 23} In light of our ruling on II, we find the First Assignment of Error is not ripe for our review.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law.
Gwin, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law. Costs to appellee.