DECISION AND JUDGMENT ENTRY
{¶ 1} Mazda Motors of America, Inc., appeals a judgment denying it additional time to respond to Mary P. Evans' motion for summary judgment and the decision granting Evans summary judgment on her Lemon Law claim. First, Mazda argues the trial court abused its discretion in denying its motion because it had a legitimate need to obtain the transcript of Evans' deposition to respond to her motion for summary judgment. Because Mazda's request for additional time was filed after the deadline Mazda proposed for responding to Evans' motion for summary judgment, we conclude the trial court did not abuse its discretion in denying Mazda's Civ.R. 56(F) motion. Second, Mazda argues Evans was not entitled to judgment as a matter of law because she failed to present evidence to show the existence of a non-conformity that substantially impaired the use, value, or safety of the vehicle. However, Evans was entitled to a presumption of nonconformity because she introduced evidence her car *Page 2 
was out of service for more than thirty days during the statutory period. Likewise, the repair invoices, which indicated she was not charged for the work, support her assertion that work was for defects covered under an express warranty. Mazda failed to produce any evidence to establish a genuine issue of fact on these issues. Thus, the trial court properly granted Evans' motion for summary judgment.
 I. Facts {¶ 2} In October 2005, Evans filed a complaint against Mazda alleging claims under Ohio's Lemon Law, R.C. 1345.71, et seq. Mazda filed an answer and the parties stipulated to the admission of repair records for Evans' car. Evans moved for summary judgment in March 2006. On April 13, 2006, the trial court issued a scheduling order for the consideration of Evans' motion. The entry required Mazda to file its memorandum opposing Evans' motion for summary judgment by May 12, 2006, and set the matter for a non-oral hearing on May 31, 2006.
 {¶ 3} Before receiving the court's April 13, 2006 scheduling order, Mazda filed a motion on April 17, 2006, for an extension of time to respond to Evans' motion. Mazda sought until May 5, 2006, to file its memorandum contra and included a proposed judgment entry to that effect with its motion. The trial court granted Mazda's motion on April 21, 2006, although Mazda asserts it did not receive a copy of the court's order. This entry did not change the non-oral hearing date.
 {¶ 4} On May 9, 2006, Mazda sought additional time under Civ.R. 56(F) to respond to Evans' motion for summary judgment. The supporting memorandum noted its initial request for additional time until May 5, 2006, but indicated it never received "a copy of the executed Entry." It also acknowledged the existence of the court's prior *Page 3 
scheduling order, which Mazda implied had crossed in the mail with its original request for additional time. Mazda's motion included an affidavit from counsel, who averred he had ordered a transcript of Evans' deposition but had not yet received it. Mazda's counsel also stated that he needed the transcript to adequately and fully respond to Evans' motion and that he anticipated Evans' testimony would enable Mazda to demonstrate a genuine issue of material fact. Evans opposed Mazda's motion.
 {¶ 5} On May 24, 2006, Mazda filed its memorandum opposing Evans' motion for summary judgment. The trial court granted Evans summary judgment on May 25, 2006, and subsequently denied Mazda's motion for additional time on the same day. In doing so, the trial court found Mazda had failed to timely respond to the motion for summary judgment. On October 20, 2006, the trial court determined damages and entered final judgment for Evans.
 II. ASSIGNMENTS OF ERROR {¶ 6} Mazda raises the following assignments of error:
 First Assignment of Error:
 The trial court erred by denying Defendant Appellant's Rule 56(F) Motion for Additional Time to Respond to Plaintiff's Motion for Summary Judgment.
 Second Assignment of Error:
 The trial court erred by granting Plaintiff-Appellee's Motion for Summary Judgment.
 {¶ 7} We review a trial court's decision denying a Civ.R. 56(F) motion under an abuse of discretion standard. Penn Traffic Co. v. AIU Ins.Co., Pike App. No. 00CA653, 2001-Ohio-2567, 2001 WL 1085242, at 9, aff'd, 99 Ohio St.3d 227, 2003-Ohio-3373. An abuse of discretion is more than an error of law or judgment; it entails action that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), *Page 4 5 Ohio St.3d 217, 219.
 III. Civ.R. 56(F) {¶ 8} Before proceeding further, we note that the record does not contain an entry from the trial court either granting or denying Mazda's second motion for more time. While Mazda has attached a file-stamped copy of an entry denying the motion, that entry inexplicably does not appear either on the docket sheet or in the record. Nonetheless, when the record is silent on the court's ruling on a motion, we generally assume that the trial court denied it. Takacs v. Baldwin (1995),106 Ohio App.3d 196, 209, 665 N.E.2d 736. Accordingly, we will review Mazda's first assignment of error as if the trial court denied the motion.
 {¶ 9} Civ.R. 56(F) provides:
 "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
Generally, a court should exercise its discretion under Civ.R. 56(F) liberally in favor of the nonmoving party who has asked for a reasonable extension to produce necessary rebuttal material. Fiske v. Rooney
(1998), 126 Ohio App.3d 649, 655, 711 N.E.2d 239.
 {¶ 10} In Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829, the Supreme Court of Ohio stated that "[o] ne of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. * * * Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment [is] granted *Page 5 
only after all parties have had a fair opportunity to be heard."
 {¶ 11} The original scheduling entry of April 13, 2006 ordered Mazda to file its memorandum in opposition by May 12, 2006, and set a non-oral hearing date of May 31, 2006. However, apparently unaware of this order, Mazda moved for leave to file its brief by May 5, 2006. The trial court granted Mazda's motion but Mazda contends it did not receive a copy of that order. Importantly, the latter order did not change the non-oral hearing date.
 {¶ 12} Within the time set in the court's original scheduling order for filing its memorandum contra, i.e., May 12, 2006, Mazda moved on May 9, 2006, for additional time to obtain information necessary to respond to Evans' motion for summary judgment. However, the time set by Mazda's own motion and proposed entry had already elapsed, i.e., May 5, 2006. Thus, we conclude the issue before us is whether the trial court could reasonably hold Mazda to the deadline Mazda itself had proposed after the filing of the original scheduling order.
 {¶ 13} In Ohio Valley Radiology Associates. v. Ohio Valley Hosp.Assoc. (1986), 28 Ohio St.3d 118, 502 N.E.2d 599, the Ohio Supreme Court analyzed a trial court's obligation to serve notice of its scheduling orders under Civ.R. 5(A). The Court held that, because a court acts and speaks through its journal by means of orders, it is not required to serve notices of its scheduling orders under Civ.R. 5(A), provided the parties receive "some form" of reasonable notice. Ohio Valley at 124.Miller v. Halstead, Trumbull App. No. 2000-T-0088, 2001-Ohio-4293,2001 WL 1149883, applied the reasoning set forth in Ohio Valley and found that the trial court's docket entry was sufficient notice of the date of a pretrial, even where appellant's counsel did not receive *Page 6 
a copy of the scheduling order.
 {¶ 14} In this case, the trial court's docket reflects an April 21, 2006 order granting Mazda's unopposed motion for an extension to May 5, 2006, to respond to Evans' motion for summary judgment. This entry constituted reasonable and constructive notice to Mazda, particularly in light of the fact that this was the date Mazda proposed. OhioValley at 124. Miller at *2. Thus, Mazda did not file its Civ.R. 56(F) motion until after the deadline to respond to Evans' motion for summary judgment had passed. The trial court did not abuse its discretion in holding Mazda to the deadline it proposed.
 {¶ 15} Mazda's first assignment of error is meritless.
 IV. Lemon Law Claim {¶ 16} In its second assignment of error, Mazda argues, regardless of whether the trial court abused its discretion in denying its Civ.R. 56(F) motion, Evans failed to show she was entitled to summary judgment. We disagree. Mazda failed to respond to Evans' motion for summary judgment and has thus waived this assignment of error. See, Haas v.Industrial Comm. of Ohio (Dec. 21, 1999), Franklin App. No. 99AP-475,1999 WL 1221525, *2. Even if Mazda had properly preserved this argument, the trial court did not err by granting Evans' motion for summary judgment.
 {¶ 17} Our standard of review on summary judgment issues is a familiar one. In considering a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination.Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, 1245. Summary judgment is appropriate only when: (1) there is no genuine issue *Page 7 
of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. Id. See, also, Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881 and Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment.Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. If the moving party satisfies this burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing the there is a genuine issue for trial. If the nonmovant does not satisfy this evidentiary burden and the movant is entitled to judgment as a matter of law, the court should enter summary judgment accordingly. Kulch v. Structural Fibers, Inc., 78 Ohio St.3d 134, 145,1997-Ohio-219, 677 N.E.2d 308, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 18} Ohio's "Lemon Law" applies to new motor vehicles and provides a remedy to consumers who purchase defective automobiles. R.C. 1345.72
states:
 "(A) If a new motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make any repairs as are necessary to conform the vehicle to such express warranty, notwithstanding the fact that the repairs are made after the expiration of the appropriate time period.
 "(B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any nonconformity after a reasonable number of repair attempts, the manufacturer, at the consumer's option and subject to division (D) of this section, either shall replace the motor vehicle with a *Page 8 
new motor vehicle acceptable to the consumer or shall accept return of the vehicle from the consumer and refund each of the following * * *."
 {¶ 19} R.C. 1345.71(E) defines a "nonconformity" as "* * * any defect or condition that substantially impairs the use, value, or safety of a motor vehicle to the consumer and does not conform to the express warranty of the manufacturer or distributor." Moreover, R.C. 1345.73 provides the following presumptions:
 "It shall be presumed that a reasonable number of attempts have been undertaken by the manufacturer, its dealer, or its authorized agent to conform a motor vehicle to any applicable express warranty if, during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, any of the following apply:
 "(A) Substantially the same nonconformity has been subject to repair three or more times and either continues to exist or recurs;
 "(B) The vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days;
 "(C) There have been eight or more attempts to repair any nonconformity;
 "(D) There has been at least one attempt to repair a nonconformity that results in a condition that is likely to cause death or serious bodily injury if the vehicle is driven, and the nonconformity either continues to exist or recurs."
 {¶ 20} Mazda argues Evans' failed to present evidence to establish a "nonconformity", i.e., a defect or condition that substantially impaired the use, value, or safety of her car."
 {¶ 21} Evans' motion for summary judgment presented facts that established her car was out of service for a cumulative total of more than thirty days during the first year or 18,000 miles of service. InRoyster v. Toyota Motor Sales U.S.A., Inc., 92 Ohio St.3d 327,2001-Ohio-212, the Ohio Supreme Court held, "[a] consumer enjoys a presumption *Page 9 
of recovery under R.C. 1345.73(B) if his or her vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days in the first year of ownership * * *." Id. at syllabus. See, also, Tracy v. Ford Motor Co. (April 3, 2003), Lucas C. P. No. CI 02-3939, 2003 WL 22025063. Thus, Evans presented evidence of a "nonconformity." Mazda failed to present evidence to rebut this presumption as was its duty under Civ.R. 56(E).
 {¶ 22} Finally, Mazda argues Evans' failed to present evidence of a defect in workmanship or materials covered by an express warranty. However, Evans and Mazda stipulated to the admission of repair invoices for the car. These invoices show repairs made (or attempted to be made) for which Evans was not charged. This evidence established defects in workmanship or materials covered by an express warranty. It was Mazda's duty to present evidence to establish a genuine issue of material fact on this issue; it failed to do so. Thus, the trial court properly granted Evans' motion for summary judgment.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to Assignment of Error 2; Concurs in Judgment Only as to Assignment of Error 1. *Page 1