JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this appeal, plaintiff-appellant, Angela M. Rivers ("Rivers"), claims that the trial court erred in finding her in contempt of court and modifying custody. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} Rivers and defendant-appellee, Melvin A. Ware ("Ware"), have one child, D.R.,[1] born July 24, 1994. The parties have been involved in extensive litigation since 1998, when Rivers began to seek child support. On September 24, 2003, custody was awarded to Rivers and parenting time was awarded to Ware. On May 28, 2004, Rivers filed a notice of intent to relocate to Charlotte, North Carolina. The court granted Rivers' request and the parties agreed to a temporary parenting schedule for the Summer of 2004.
 {¶ 3} On April 12, 2005, Ware filed a motion to modify temporary order for parenting time and motion to expedite hearing, since there was no permanent visitation schedule in place for the upcoming summer or other holidays and special days and the father had not seen his son since the preceding summer. On June 10, 2005 and again on July 18, 2005, the trial judge contacted Rivers to schedule visitation. During the July 18, 2005 conversation, the trial court told Rivers that Ware was to have visitation with D.R. on July 24, 2005 for two weeks. The trial court *Page 4 
subsequently entered an order stating as such on July 22, 2005. Ware purchased a plane ticket for his son, but Rivers did not put him on the plane.
 {¶ 4} On July 26, 2005, Ware filed a motion to show cause with regard to Rivers' failure to provide visitation as ordered by the court. Ware also filed a motion to modify custody.
 {¶ 5} On September 29, 2005, Rivers filed a motion to dismiss for lack of subject matter jurisdiction and motion to vacate orders.
 {¶ 6} A hearing on Ware's motions was set for January 30, 2006. Notice of the hearing was sent to Rivers' North Carolina address on several occasions, but each was returned as "Unclaimed."
 {¶ 7} On January 6, 2006, Ware filed a motion to designate a server of process to ensure that Rivers received notice of the hearing. On January 11, 2006, the trial court determined that summons had been perfected upon the mother.
 {¶ 8} On January 30, 2006, the hearing was continued until February 16, 2006. Notice of the new hearing date was sent to Rivers' North Carolina address on two occasions but both were returned as "Undeliverable."
 {¶ 9} On February 14, 2006, Rivers filed a petition for writ of prohibition claiming that her move to North Carolina divested the Cuyahoga Juvenile Court of any jurisdiction to rule over the pending motions for visitation and custody. The hearing scheduled for February 16, 2006 was continued pending the decision on Rivers' writ of prohibition. *Page 5 
 {¶ 10} This Court denied Rivers' writ for prohibition at Rivers v.Ramsey (April 3, 2006), Cuyahoga App. No. 87763.
 {¶ 11} On February 16, 2006, Ware filed a motion to set trial. Trial was scheduled for August 23, 2006 and the docket reflects that all parties received notice of hearing by ordinary mail.
 {¶ 12} On August 23, 2006, trial commenced. Rivers did not appear and Ware provided testimony regarding his thwarted attempts to see his son. The court entered a Judgment Entry on August 30, 2006, finding Rivers in contempt of the court's July 22, 2005 order, and awarded custody to Ware.
 {¶ 13} Rivers timely appeals raising four assignments of error for our review.
 {¶ 14} "I. The court erred in proceeding with trial upon improper assignment of the Visiting Judge to the case."
 {¶ 15} In her first assignment of error, Rivers argues that the transfer of the case to a visiting judge divested the juvenile court of subject-matter jurisdiction and rendered the subsequent proceedings voidable.
 {¶ 16} Pursuant to Sup.R. 4(B), only the administrative judge may assign cases to individual judges of the court. Accordingly, the failure to properly assign a case under Sup.R. 4(B) is a procedural irregularity that renders any judgment voidable. See In re J.J. (2006),111 Ohio St.3d 205. However, an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected. Schade v. Carnegie Body *Page 6 Company (1982), 70 Ohio St.2d 207. Specifically, the complaining party seeking review has a duty to object in the trial court and timely preserve the error for appeal. In re J.J., supra at 208.
 {¶ 17} Here, a review of the record shows Rivers failed to object at any time about the transfer of the case. Rivers argues that she was unable to properly object, since she was not present at various hearings. While this may be true, Rivers did file a motion to dismiss and motion to vacate all orders on September 5, 2005, in which she objected to the jurisdiction of the court. Specifically, Rivers claimed that the trial court did not have jurisdiction because she did not receive proper notice. Notably, Rivers did not raise the Sup.R. 4(B) claim in this motion. Several months later, on February 14, 2006, Rivers filed a petition for writ of prohibition, again challenging the jurisdiction of the court. Again, Rivers did not raise the Sup.R. 4(B) claim in this motion. Accordingly, we find that Rivers' failure to object waived this error for purposes of appellate review.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} "II. The court erred in proceeding to trial without proper notice of the trial being sent to the plaintiff."
 {¶ 20} In this assignment of error, Rivers claims that her due process rights were violated because she did not receive notice of the trial set for August 23, 2006.
 {¶ 21} Due process requires that every party to an action must be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." In re *Page 7 Esper, Cuyahoga App. No. 81067, 2002-Ohio-4926. However, the clerk "is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed." Robb v. Smallwood (2005), 165 Ohio App.3d 385, 2005-Ohio-5863. Rather, a party has an obligation to formally notify and keep the trial court informed of any change of address.
 {¶ 22} Here, the record demonstrates that the clerk sent a notice of hearing, by ordinary mail, to Rivers at her address of record in North Carolina on August 10, 2006. According to Civ.R. 4.6(D), service by ordinary mail is deemed complete so long as the envelope is not returned to the clerk. Here, the clerk complied with the requirements of Civ.R. 4.6(D) and the postal service did not return the envelope to the clerk; therefore, service of process was proper under the Ohio Rules of Civil Procedure. See State ex rel. Scioto Cty. Dept of Human Services v.Proctor (March 23, 2005), Scioto App. No. 04CA2948, 2005-Ohio-1581.
 {¶ 23} Moreover, Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact. See Ohio Valley Radiology Assoc, Inc.v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 124. Here, the trial court's docket reflects a June 19, 2006 order setting trial for August 23, 2006 at 9:00 a.m. This entry constituted reasonable and constructive notice to Rivers. Id.
 {¶ 24} The second assignment of error is overruled. *Page 8 
 {¶ 25} "III. The court erred in finding plaintiff guilty of contempt of court where the order allegedly violated does not direct the plaintiff to do or not do anything.
 {¶ 26} "IV. The court erred in finding plaintiff guilty of contempt of court where the order was issued by mail on Friday, July 22, 2005, and action had to be taken by plaintiff on Sunday, July 24, 2005.
 {¶ 27} In her third and fourth assignments of error, Rivers argues that she did not violate the July 22, 2005 order because it stated that "child shall have 2 weeks uninterrupted parenting time with thechild from July 24, 2005 to August 6, 2005." (Emphasis supplied). Rivers also argues that she could not have complied with the order since it was filed on Friday, July 22, 2005, and provides for visitation two days later on Sunday, July 24, 2005.
 {¶ 28} Although there are specific rules of procedure governing original service of process and service of appealable orders, neither the Civil Rules nor the Juvenile Rules contains any requirement concerning service of interim orders. Rather, such orders are governed by the due process requirement that reasonable or "meaningful" notice be given. See Ohio Valley Radiology Assoc, Inc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, 124.
 {¶ 29} Here, the record is clear that Rivers had actual notice of the terms and conditions set forth within the July 22, 2005 order. In fact, in her motion to dismiss and motion to vacate orders, Rivers admits that she had a conversation with the trial judge on July 18, 2005 with regard to visitation between the child and Ware *Page 9 
scheduled to commence on July 24, 2005. Thus, Rivers had actual notice of the court's order one week prior to the actual date of filing and this satisfies due process. Her argument that she cannot be held in contempt based on the typographical error and the timing of the filing are disingenuous. See Jefferson v. Harris (Jan. 29, 2003), Jefferson App. No. 02 JE 22, 2003-Ohio-496 (where a defendant contacted CSEA by telephone and was informed of the hearing date, his actions demonstrated he had actual notice of the proceedings against him and operates as a waiver to any objection to the form of notice). The third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and MELODY J. STEWART, J., CONCUR
[1] The child is referred to herein by his initials or title in accordance with this Court's established policy regarding non-disclosure of identities of juveniles. *Page 1