DECISION AND JUDGMENT ENTRY
{¶ 1} T.W.L. appeals the juvenile court's order terminating Hocking County Children Service's temporary custody over her daughter A.W., who had been adjudicated a neglected child. First, T.W.L. argues that the juvenile court should have retroactively applied its order because, she contends, the temporary custody order had terminated as a matter of law when the six-month extension of the order expired. However, because the temporary custody order continued until the juvenile court made the dispositional order terminating it, she was not entitled to an order awarding custody of A.W. to her retroactively. Second, T.W.L. argues that the juvenile court violated her due-process rights by failing to hold a hearing and by failing to return custody of A.W. to her after the temporary custody order lapsed. However, because T.W.L. was not automatically entitled to custody and did not seek the writ of procedendo to compel the juvenile court to enter a dispositional order, she is estopped from claiming that she has *Page 2 
been prejudiced by the delay to which she acquiesced. Therefore, we overrule her assignments of error and affirm the judgment below.
 I. Facts {¶ 2} A.W. is a four-year old child who has been diagnosed with developmental delays, an unspecified brain abnormality, cerebral palsy, and profound hearing loss with resulting limitations in communication skills. A.W.'s mother, T.W.L., requested voluntary services from Hocking County Children Services ("HCCS"). Because of T.W.L.'s failure to sufficiently participate in the various services provided to her and A.W., including medical treatment for A.W., HCCS filed a complaint alleging that A.W. was a neglected child. The Juvenile Division of the Hocking County Court of Common Pleas adjudicated A.W. to be a neglected child based on her mother being "ill-equipped, economically and personally, to provide consistently for [A.W.'s] needs," noting that T.W.L.'s "best efforts did not translate into adequate care for [A.W.]" Following a dispositional hearing, the juvenile court ordered A.W. to remain in the temporary custody of HCCS.
 {¶ 3} The initial temporary custody order was to terminate by operation of law in August 2006,[1] but T.W.L. agreed to a six-month extension of that order, which continued temporary custody in favor of HCCS until February 18, 2007. On February 16, 2007, the juvenile court held a Child in Placement Review. At that hearing, HCCS indicated that it would not move for an additional six-month extension, explaining that it would instead file a motion for permanent custody of A.W. However, HCCS did not file *Page 3 
a motion to extend or a motion for permanent custody before February 18, when the temporary custody order was to lapse, under R.C. 2151.353(F).
 {¶ 4} In an order dated February 16, 2007, but filed on March 9, 2007, the juvenile court ruled that A.W. would continue in the temporary custody of HCCS. T.W.L. did not appeal this decision, and she did not raise any objection to the temporary custody order until April 10, 2007, when she filed a motion to terminate the temporary custody order. In that motion, T.W.L. argued that the temporary custody order had terminated by operation of law as a result of HCCS's failure to move for an additional six-month extension. The court took no action on T.W.L.'s motion until June 22, 2007, when the magistrate overruled it on the grounds that the juvenile court had intended to continue the temporary custody order beyond February 18.
 {¶ 5} T.W.L. filed an objection to the magistrate's ruling, and the juvenile court concluded that the temporary custody order had terminated by operation of law. In a judgment entry dated August 14, 2007, the juvenile court returned custody of A.W. to T.W.L effective August 17, 2007. However, on HCCS's motion, the court stayed execution of its order pending T.W.L's appeal. T.W.L. now brings this appeal from the court's August 14 order, asserting that the court erred in making its order effective August 17 rather than retroactive to February 18, 2007. She also asserts that the juvenile court's actions violated her due process rights.
 II. Assignments of Error 1. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ISSUED AN EFFECTIVE DATE ON AN ENTRY ON THE TERMINATION OF TEMPORARY CUSTODY OF A MINOR CHILD ALMOST SIX MONTHS AFTER THE EXPIRATION OF THE `SUNSET PERIOD' AS IS PRESCRIBED IN THE OHIO REVISED CODE SECTION 2151.353(F)." *Page 4 
 2. "THE TRIAL COURT VIOLATED THE CONSTITUTIONAL RIGHTS OF APPELLANT WHEN IT ISSUED AN EFFECTIVE DATE ON AN ENTRY ON THE TERMINATION OF TEMPORARY CUSTODY OF A MINOR CHILD ALMOST SIX MONTHS AFTER THE EXPIRATION OF THE `SUNSET PERIOD' AS IS PRESCRIBED IN THE OHIO REVISED CODE SECTION 2151.353(F)."
 III. The Effective Date of the Order {¶ 6} T.W.L. first argues that the juvenile court erred in terminating the temporary custody order effective August 17, 2007, rather than February 18, 2007, the date on which she contends the order terminated by operation of law under R.C. 2151.353(F). That statute states:
 Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section.
R.C. 2151.415(A) provides that:
 "a public children services agency * * * that has been given temporary custody of a child pursuant to section 2151.353 of the Revised Code, not later than thirty days prior to the earlier of the date for the termination of the custody order pursuant to division (F) of section 2151.353 of the Revised Code or the date set at the dispositional hearing for the hearing to be held pursuant to this section, shall file a motion with the court that issued the order of disposition requesting any of the following orders of disposition of the child be issued by the court:
 (1) An order that the child be returned home and the custody of the child's parents, guardian, or custodian without any restrictions;
 (2) An order for protective supervision;
 (3) An order that the child be placed in the legal custody of a relative or other interested individual;
 (4) An order permanently terminating the parental rights of the child's parents; *Page 5 
 (5) An order that the child be placed in a planned permanent living arrangement;
 (6) In accordance with division (D) of this section, an order for the extension of temporary custody.
Thus, a public children services agency may file a motion under R.C.2151.415 for an order for the extension of temporary custody. An agency may receive two extensions of temporary custody. See R.C.2151.415(D)(4). Thirty days prior to the end of the first extension, the agency must file a motion seeking one of the dispositional orders provided in 2151.415(A)(1) to (5) or requesting a second extension of up to six months. However,
 [i]f the agency requests the issuance of an order of disposition under divisions (A)(1) to (5) of this section or does not file any motion prior to the expiration of the extension period, the court shall conduct a hearing in accordance with division (B) of this section and issue an appropriate order of disposition.
R.C. 2151.415(D)(2).
 {¶ 7} "Temporary custody is terminated upon the passing of the sunset date, when no motion is filed pursuant to R.C. 2151.415(A)." In re YoungChildren (1996) 76 Ohio St.3d 632, 637, 669 N.E.2d 1140 (plurality). However, when a motion is pending under R.C. 2151.415(A), "the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section." R.C.2151.353(F). HCCS filed its initial motion to extend temporary custody over A.W. on July 14, 2006,[2] under R.C. 2151(A)(6), and the parties agreed to extend the temporary custody order. However, HCCS did not move for a second extension of the temporary custody order prior to the end of the first extension. R.C. 2151.415(D)(2) provides that, upon the *Page 6 
failure of the agency to move for a second extension "prior to the expiration of the extension period, the court shall conduct a hearing * * * and issue an appropriate order of disposition." The juvenile court did not issue such an order until August 14, 2007.
 {¶ 8} Nonetheless, a parent "is not entitled to immediate custody of [the child] because of the sunset provision contained in R.C. 2151.353(F)." Holloway v. Clermont County Dep't of Human Servs. (1997),80 Ohio St.3d 128, 130, 684 N.E.2d 1217 (emphasis added). This is because "[t]he passing of the sunset date pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders." In re Young Children, 76 Ohio St.3d at 637. The Supreme Court of Ohio, in a plurality opinion, has explained that, where the sunset date has passed, the juvenile court should
 determine whether the problems that led to the original grant of temporary custody had been resolved or sufficiently mitigated as of [the sunset date] when the temporary custody order would have otherwise terminated. If these problems had been resolved or mitigated, the court should terminate the temporary custody order and release the children to their mother.
Id. at 639. In In re Davis (1999), Pickaway App. No. 99CA20, 99CA21, unreported, and In re Matter of Hare (1998), Scioto App. No. 97CA2532, unreported, we followed the analysis of the Supreme Court's plurality opinion in In re Young Children. Thus, notwithstanding the passage of the sunset date, "[a] case may continue, and the public children services agency need not file a new complaint, when the problems that led to the original grant of temporary custody have not been resolved or sufficiently mitigated and it is in the best interests of the child to remain in such custody." In re Matter of Hare, supra. *Page 7 
 {¶ 9} As In re Young Children, In re Davis, and In re Matter ofHare demonstrate, a temporary custody order does not terminate automatically upon the passage of the sunset date. Instead, the juvenile court must make a determination that terminating the order is proper and, then, it must actually enter an order terminating temporary custody. The juvenile court did not make its determination that the temporary custody order should be terminated until August 14, 2007. Therefore, HCCS retained temporary custody of A.W. following the passage of the sunset date, and T.W.L. was not entitled to an order effective February 18, 2007. We overrule T.W.L.'s first assignment of error.
 {¶ 10} Next, T.W.L. argues that her due-process rights were violated because "the provisions and procedures of section 2151.415 were not complied with by the trial court or the Appellee." She specifically points to the trial court's failure to hold a dispositional hearing at the passage of the sunset date. T.W.L. also complains that, after she made this motion, it took two months for the magistrate to hold a hearing and another two months for the trial court to rule on her objection to the magistrate's order.
 {¶ 11} As we explained above, it was incumbent upon the trial court to hold a hearing and issue an appropriate dispositional order after HCCS failed to move for an extension of the temporary custody order before the sunset date. R.C. 2151.415(D)(2). However, the statutory time limitations provided in R.C. 2151.353(F) and 2151(D)(2) are directory in nature rather than mandatory. In re Young Children,76 Ohio St.3d at 637; In re Matter of Lewis (1997), Athens App. Nos. 96CA1760, 96CA1763, unreported. Although she was entitled to a hearing and a dispositional order following the passage of the sunset date, T.W.L. was not necessarily entitled to an order terminating *Page 8 
temporary custody. See In re Davis, supra ("When the sunset date passes without an agency filing a R.C. 2151.415(A) motion, courts have discretion to make a further dispositional order if `the problems that led to the original grant of temporary custody have not been resolved or sufficiently mitigated * * *.'" (Quoting In re Young Children,supra)). We note that T.W.L. did not move for the temporary custody order to be terminated until April 10, 2007.
 {¶ 12} There is a remedy for a party aggrieved by a judge's delay in issuing a final ruling or an order. A petition for "`[the] writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'"State ex rel. CNG Financial Corp. v. Nadel, 111 Ohio St.3d 149,2006-Ohio-5344, 855 N.E.2d 473, at ¶ 20, quoting State ex rel. Weiss v.Hoover (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227. "A lower court's refusal or failure to timely resolve a pending case is the error that procedendo was created to rectify." State ex rel. Charvat v. Frye,114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, at ¶ 14. An action for the writ of procedendo is available to a parent seeking to compel the juvenile court to issue a dispositional order after the sunset date of a temporary custody order has passed. In re EM. (2001), 8th Dist. No. 79249, unreported ("Given the finding that the statutory time limitations contained in R.C. 2151.353(F) are directory rather than mandatory because they exist for the assurance of the prompt resolution of child custody matters rather than as a jurisdictional prerequisite to custody determinations, the remedy for a party aggrieved by a judge's delay is to petition an appellate court for a writ of procedendo to compel the execution of his statutory duty."); see also In re Davis
(1999), 84 Ohio St.3d 520, 524, 705 N.E.2d 1219, 1223 (holding that the writ of *Page 9 
procedendo is available to compel the juvenile court to comply with the time limitation of R.C. 2151.35(A), which provides that a judgment must be entered within seven days of the conclusion of a dispositional hearing); State ex rel. Scioto County Child Support Enforcement Agencyv. Adams (1999), Scioto App. No. 98CA2617, unreported (same).
 {¶ 13} T.W.L. argues that she was prejudiced because she was "not afforded the opportunity to present her case fully and accurately to the trial court to prove that the conditions that existed at the time of the finding of neglect had been remedied and no longer existed." However, T.W.L. did not seek the writ of procedendo to compel the trial court to hold a hearing or to issue a dispositional order. Given the availability of this remedy, T.W.L. is "estopped from complaining on appeal that delay by the juvenile court * * * prejudiced [her] or violated [her] due process rights." Davis, 84 Ohio St.3d at 524; see also Adams, supra
("Given the availability of the writ of procedendo as an avenue for relief from prejudicial delay, the appellant is estopped from complaining that the magistrate's delay violated his due process rights."); M.W. v. A.W., 8th Dist. No. 81518, 2003-Ohio-877, at ¶ 22 ("`[T]he remedy for a party aggrieved by a judge's delay is to petition an appellate court for a writ of procedendo to compel the execution of [her] statutory duty. Failure to do so at the trial level constitutes a waiver of that issue for purposes of appeal.'" (Quoting In re EM.,supra.)); In re Sox, 7th Dist. No. 06 MA 35, 2006-Ohio-7116, at ¶ 18
(holding that trial counsel did not preserve for appellate review appellant's due process arguments regarding the juvenile court's failure to issue a dispositional order within the time limits set by R.C.2151.414(A), notwithstanding numerous motions made to the trial court, where trial counsel did not seek the writ of procedendo). *Page 10 
 {¶ 14} T.W.L. argues that she was deprived of "the right to raise her child from February 18th, 2007[,] until August 17, 2007." However, she was not necessarily entitled to custody of A.W. prior to the time that the trial court made its order effective, and T.W.L. points to no facts in the record showing that the problems that led to the original grant of temporary custody had been resolved or sufficiently mitigated before that time. See App. R. 16(A) (requiring an appellant to support her argument with the "parts of the record on which appellant relies");Clark v. Clark (1983), Athens App. No. 1130, unreported ("[W]e must presume the validity of the trial court's judgment upon a silent record."). Moreover, by standing on her rights, T.W.L. acquiesced in the trial court's delay. Therefore, we overrule her second assignment of error.
 IV. Conclusion {¶ 15} Because T.W.L. was not entitled to an order terminating the temporary custody order effective as of February 18, 2007, and because she failed to preserve her argument that her due-process rights were violated, we overrule both of her assignments of error and affirm the judgment of the juvenile court.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Only. McFarland, J.: Concurs in Judgment and Opinion.
[1] Under R.C. 2151.353(F), the initial temporary custody order was to "terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care." In her statement of facts, T.W.L. asserts that "[t]he original one-year grant of temporary custody elapsed on August 8, 2006, one year from the date of the original complaint." However, HCCS dismissed the original complaint and refiled on October 27, 2006. According to the record, the juvenile court entered a temporary custody order on August 24, 2006. Therefore, the "sunset date" provided in R.C. 2151.353(F) would have been August 24, 2006, not August 8, 2006.
[2] As noted in note 1, supra, the sunset date was August 24, 2006. Therefore, HCCS timely filed its motion on July 14, 2006. *Page 1