DECISION AND JUDGMENT ENTRY
{¶ 1} Following the death of her grandmother and custodian, ten-year-old J.M.B. was adjudicated to be a dependent child and placed in the legal custody of her maternal aunt. J.M.B.'s father, S.B., was personally served with a copy of the complaint alleging that J.M.B. was a dependent child, and he entered an appearance through counsel. Although S.B.'s attorney appeared at the adjudicatory and dispositional hearings, S.B. did not. S.B. raises four assignments of error challenging the finding of dependency and the award of custody. First, S.B. argues that the trial court denied him due process because he never received notice of the adjudicatory or dispositional hearings. However, the clerk sent hearing notices to S.B.'s address of record, and they were not returned to the clerk as undeliverable. Thus, S.B. received sufficient notice of the two hearings. *Page 2 
 {¶ 2} Second, S.B. argues that the trial court erred in not dismissing the complaint after it failed to enter a dispositional order within the statutory time limits provided in R.C. 2151.35(B)(1). However, S.B. failed to preserve this issue for appeal because he did not move for a dismissal based on the court's failure to comply with the time limits.
 {¶ 3} Third, S.B. argues that the trial court erred in not journalizing a case plan at the time that it entered its dispositional order, as is required by R.C. 2151.353(D). However, the trial court had previously journalized a case plan. The failure to journalize a case plan simultaneously with the dispositional order does not constitute error when the plan has been previously journalized and is in effect.
 {¶ 4} Finally, S.B. argues that the cumulative effect of the assigned errors resulted in the denial of due process. S.B. has not, however, demonstrated that he was denied notice and an opportunity to be heard, nor has he demonstrated any prejudice from these assigned errors. Therefore, we affirm the judgment.
 I. Facts {¶ 5} In September 2006, Ross County Children Services (RCCS) filed a complaint alleging that ten-year-old J.M.B. was a dependent child. J.M.B. had been in the custody of her grandmother, who had recently died. On September 28, 2006, RCCS's first attempt to personally serve a summons and a copy of the complaint on J.M.B.'s father, S.B., failed, as S.B. no longer lived at that address. However, on October 10, 2006, counsel for S.B. entered an appearance, filing a written plea of denial and a waiver of the time limitations set forth in Juv. R. 29. RCCS then successfully served a copy of the complaint on S.B. at "705 Five Oaks, Apt. A," in Dayton, Ohio, by *Page 3 
personal service. The court clerk mailed a copy of an entry scheduling a hearing for January 23, 2007, to S.B. at the 705 Five Oaks address. This mailing was not returned to the clerk. It is undisputed that S.B. received actual notice of this hearing, as the record contains a faxed letter from the Montgomery County Court of Common Pleas explaining that S.B. did not attend the January 23, 2007, hearing because he had appeared in that court as a witness the same day. Neither S.B. nor his attorney raised any issue regarding the adequacy of notice to S.B. at that time, nor did S.B. move for a continuance based on his inability to attend.
 {¶ 6} On January 25, 2005, RCCS filed a family plan with the court; however, RCCS's certificate of service does not show that RCCS sent a copy to S.B. or to his attorney. The court adopted the family plan the next day, and the order contains a notation showing that a copy was sent to S.B. and his attorney. RCCS later filed an amended family plan, which it served on S.B. at the 705 Five Oaks address and on S.B.'s attorney. The magistrate approved this family plan as well, and there is a notation showing that a copy of the order was mailed to S.B. and his attorney.
 {¶ 7} The magistrate set a pre-trial hearing for February 26, 2007, and the clerk's certificate of service shows that the clerk mailed a copy of this order to S.B. at the 705 Five Oaks address as well as to S.B.'s attorney. This mailing was not returned.
 {¶ 8} On March 5, 2007, the magistrate set April 23, 2007, as the date for the adjudicatory hearing, and a notation on the order shows that the court mailed a copy to S.B. and to his attorney. The record also contains an envelope postmarked March 5, 2007, addressed to S.B. at 705 Five Oaks, Apt. A, in Chillicothe, Ohio. The envelope shows that the postal service returned the letter as undeliverable, and someone *Page 4 
scratched out Chillicothe, added "Dayton, OH 45406," and wrote "remailed" on the envelope. This subsequent mailing was not returned to the clerk. S.B.'s attorney appeared at the April 23, 2007, hearing, although she presented no argument or evidence on S.B.'s behalf. S.B. did not appear.
 {¶ 9} The magistrate found J.M.B. to be a dependant child and ordered RCCS to file a Pre-Disposition Investigation Report. The clerk's certificate of service shows that the clerk mailed this judgment entry to S.B. and his attorney. The entry mailed to S.B. at 705 Five Oaks was not returned. In the Pre-Disposition Investigation Report, RCCS listed S.B.'s address as "707 Five Oaks Avenue, Apt. A," in Dayton. It is not clear from the record whether S.B. moved or whether this had been S.B.'s address since the filing of the complaint. The trial court reset the dispositional hearing for July 12, 2007, and a notation on the entry shows that the clerk mailed a copy to S.B. and his attorney. The postal service did not return the entry mailed to S.B. At RCCS's request, the clerk attempted to serve a summons, a copy of the entry setting the dispositional hearing for July 12, 2007, and a copy of RCCS's motion for legal custody on S.B. at the 705 Five Oaks address; however, personal service failed because, according to the deputy serving the process, the apartment was vacant. The clerk notified RCCS that service had failed and that the apartment at 705 Five Oaks was vacant. RCCS did not attempt to serve S.B. by mail, but it did amend the certificate of service for its previously filed motion for legal custody to certify service on S.B.'s attorney.
 {¶ 10} On July 12, 2007, S.B. filed a pro se objection to the family plan filed by RCCS. The magistrate held the dispositional hearing that same day, and noted that it would deny S.B.'s objection. S.B.'s attorney appeared at this hearing, but when the *Page 5 
court asked her if she had anything to say, she stated that "I have not had any contact with [S.B.] in some time, so I don't feel that I can agree or object, at this point." The magistrate entered an order, which the trial court adopted, granting legal custody to J.M.B.'s aunt. The clerk mailed both orders to S.B. at the 705 Five Oaks address. These orders were not returned as undeliverable.
 {¶ 11} S.B. filed a notice of appeal and a motion for relief from judgment under Civ. 60(B), asserting that he had not received notice of either the adjudicatory or the dispositional hearings. In this pro se filing, S.B. listed his address as 707 Five Oaks Street, in Dayton. In his pro se brief and in his motion for appointment of counsel, S.B. listed his address as 707 Five Oaks Street, Apartment A. We granted S.B.'s motion for appointed counsel.
 II. Assignments of Error {¶ 12} S.B., through appointed counsel, presents four assignments of error:
 1. The trial court prejudicially erred in proceeding to the adjudicatory and dispositional hearings in the absence of notice to the Appellant.
 2. The trial court prejudicially erred in holding the dispositional he[a]ring beyond the time limit provided in R.C. 2151.35(B)(1).
 3. The trial court prejudicially erred in entering disposition without journalizing a case plan.
 4. The Appellant was denied due process by cumulative error.
 {¶ 13} S.B. also asserted several assignments of error in his brief filed before we appointed appellate counsel on his behalf. In his pro se assignments of error, S.B. asserts that the trial court erred in concluding that S.B. had been given adequate notice of the adjudicatory and dispositional hearings, in finding J.M.B. to be a dependent child, in not giving him custody of J.M.B., and in finding that it was in the best interests of the *Page 6 
child to grant legal custody to J.M.B.'s aunt.[1] However, an appellant has no right to appear as co-counsel on his own behalf.State v. Ferguson, 108 Ohio St.3d 451, 2006-Ohio-1502, 844 N.E.2d 806, at ¶ 97; State v. Martin, 103 Ohio St.3d 385, 2004-Ohio-5471,816 N.E.2d 227, at ¶ 31; State v. White (1991), 71 Ohio App.3d 550, 551 n. 1,594 N.E.2d 1087. Nonetheless, in the interests of justice and because S.B. filed his pro se assignments of error before we appointed counsel for him, we will consider his pro se assignments of error.
 {¶ 14} Essentially, S.B. argues that the court did not give him sufficient notice of the adjudicatory and dispositional hearings and that this prevented him from contesting the finding of dependency and the order granting custody to the maternal aunt. Because this argument is largely cumulative of those of his appointed counsel, we will address them as one.
 III. Adequacy of Notice {¶ 15} In his first assignment of error, S.B. argues that he did not receive adequate notice of the adjudicatory or the dispositional hearings. Due process requires that "notice must be reasonably calculated, under all the circumstances, to advise a party of the pendency of the proceedings." Robb v. Smallwood (2005),165 Ohio App.3d 385, 846 N.E.2d 878, at ¶ 13 (citing Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865). InLowry v. Lowry (1988), 48 Ohio App.3d 184, 191, 549 N.E.2d 176, we held that the trial court's failure to provide reasonable notice of the date of a custody hearing constituted error. *Page 7 
 {¶ 16} S.B. argues that R.C. 2151.35(C), read in conjunction with Juv. R. 16(A), requires that the court give written notice of adjudicatory and dispositional hearings by personal service. R.C. 2151.35(C) provides that the juvenile court "shall give all parties to the action and the child's guardian ad litem notice of the adjudicatory and dispositional hearings in accordance with the Juvenile Rules." However, the Rules of Juvenile Procedure do not specify the manner in which the court must supply a party notice of an adjudicatory or a dispositional hearing. Juv. R. 16(A) states that, unless otherwise provided, summons shall be served as provided by Civil Rules 4(A), (C), and (D), 4.1, 4.2, 4.3, 4.5, 4.6. Thus, Juv. R. 16(A) does not, in itself, require that the court provide notice of a hearing by means of a summons; instead, it simply explains how a summons must be served once it issues. More relevant is Juv. R. 15(A), which provides that once a complaint alleging that a child is dependent has been filed, the court must issue a summons directing the child's parent to appear at an initial hearing. However, the record is clear that S.B. was personally served with such a summons after RCCS filed its complaint. Besides the initial summons contemplated by Juv. Rule 15(A), the Juvenile Rules do not require notices of subsequent adjudicatory and dispositional hearings to be provided by means of a summons. We also note that, in other contexts, the Juvenile Rules require only reasonable written notice to be given to parties of scheduled hearings. See Juv. R. 7(F)(1) ("Reasonable oral or written notice of the time, place, and purpose of the detention hearing shall be given to the child and to the parents, guardian, or custodian * * *"); Juv. R 13(E) (requiring the court to hold a hearing after making an ex parte protective order and to "give written notice of the hearing by means reasonably likely to result in the party's receiving actual notice"). *Page 8 
 {¶ 17} Other courts have held that a party receives proper notice of a hearing when the court complies with Juv. R. 20(B), which provides for service of notices and other papers subsequent to the filing of the complaint. Under Juv. R. 20(B), whenever "service is required or permitted on a party represented by an attorney, the service shall be made upon the attorney unless service is ordered by the court upon the party." Juv. R. 20(B) also states that service shall be made in the manner provided by Civ. R. 5(B). Under Civ. R. 5(B), service is made by "delivering a copy" to the attorney or the party, and ordinary mail service to the last known address of the person served constitutes delivering a copy. Thus, some courts have held that the trial court must serve notices of hearings following the provisions of Civ. R. 5(B). SeeIn re Keith Lee P., Lucas App. No. L-03-1266, 2004-Ohio-1976, at ¶ 8
("Normally, notice of new or rescheduled hearings is sent to the parent's attorney, as prescribed under Juv. R. 20."); In re Starkey
(2002), 150 Ohio App.3d 612, 2002-Ohio-6892, 782 N.E.2d 665, at ¶ 37 (noting that the trial court properly served notices of permanent custody hearing dates on the parent's attorney pursuant to Juv. R. 20(A) and (B)); In the Matter of Trembley (1983), Ashtabula App. No. 1108, unreported (holding that, under Juv. R. 20, the trial court properly sent notice of review of custody hearing to parent's attorney of record rather than to parent).
 {¶ 18} We note, however, that Juv. R. 20 roughly parallels Civ. R. 5. In Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp.Ass'n (1986), 28 Ohio St.3d 118, 124, 502 N.E.2d 599, the Supreme Court of Ohio held that Civ. R. 5 does not apply to notices from the trial court. Instead, the court in Ohio Valley Radiology "held that, because a court acts and speaks through its journal by means of orders, it is not required to serve notices of its scheduling orders under Civ. R. 5(A), provided the *Page 9 
parties receive `some form' of reasonable notice."[2] Evans v. MazdaMotors of Am., Inc., Scioto App. No. 06CA3118, 2007-Ohio-4622, at ¶ 13; see also Whitman v. Whitman, Hancock App. No. 5-05-36, 2007-Ohio-4231, at ¶ 23 ("[T]he Ohio Supreme Court has examined whether courts are bound by Civ. R. 5 in giving `notice of the setting down of a trial date' and has determined that they are not."). As the Eight District has explained, "[although there are specific rules of procedure governing original service of process and service of appealable orders, neither the Civil Rules nor the Juvenile Rules contains any requirement concerning service of interim orders. Rather, such orders are governed by the due process requirement that reasonable or `meaningful' notice be given." In re D.R., Cuyahoga App. No. 88745, 2007-Ohio-5840, at ¶ 28.
 {¶ 19} Regardless of whether the question is controlled by Juv. R. 20(B) or by the dictates of due process, we hold that delivering a copy of the notice of the hearing to S.B.'s attorney of record and mailing a copy to S.B.'s last known address provided adequate notice to S.B. Counsel for S.B. received sufficient notice, as she attended both hearings on his behalf and did not raise any objection to the adequacy of notice. Furthermore, the record shows that the clerk mailed numerous documents to S.B. at his address of record and that none of those were returned. It is undisputed that S.B. had actual notice of the January 23, 2007, hearing, and of the adoption of the case plan. Although not raised in his brief, we recognize that the record suggests that, at some point, S.B.'s address of record did not reflect where he actually lived, and we are aware *Page 10 
of the possibility that his address of record was incorrect from the outset. Nonetheless, counsel appeared on his behalf and failed to raise any issue with S.B.'s address of record. At least as early as January 23, 2007, S.B. had notice that the court had the apartment on 705 Five Oaks listed as his address of record. However, S.B. never notified the court of a change in address. "A party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed." Robb v. Smallwood (2005), 165 Ohio App.3d 385,2005-Ohio-5863, 846 N.E.2d 878, at ¶ 11. In Robb, we held that mailing notice of a hearing to a party's address of record provides sufficient notice to that party, even if that party had previously filed documents using a different address. Id. at ¶ 12-13 ("[A]ppellant received proper service because the clerk sent the hearing notice to his address of record in Athens, Ohio. This procedure also satisfies the due process requirement that notice must be reasonably calculated, under all the circumstances, to advise a party of the pendency of the proceedings."). Thus, we conclude that S.B. received adequate notice of both hearings.
 {¶ 20} Similarly, the clerk's failure to personally serve S.B. with a summons or notice of the dispositional hearing did not deny him due process. The scheduling order was delivered to S.B.'s attorney, and she appeared. The clerk also mailed the scheduling order to S.B. at his address of record, and it was not returned undelivered. Because he received adequate notice, we overrule his first assignment of error. IV. Failure to Comply with the Time Limit Provided in R.C. 2151.35(B)(1)
 {¶ 21} Next, S.B. argues the trial court should have sua sponte dismissed the complaint after the expiration of the statutory time limit of R.C. 2151.35(B)(1), which *Page 11 
requires the dispositional hearing to be held within 30 days of the adjudicatory hearing and not more than 90 days after the filing of the complaint.[3] It is undisputed that the dispositional hearing occurred beyond this statutory period.
 {¶ 22} However, S.B. failed to preserve this error for appellate review. Neither S.B. nor his attorney raised any objection on this ground or moved the court for a dismissal of the complaint. "Although the time requirements [of R.C. 2151.35(B)(1)] are considered mandatory, a parent may waive them." In re D.W., Athens App. 06CA42,2007-Ohio-2552, at ¶ 14, citing In re Kutzli (1991), 71 Ohio App.3d 843,845-46, 595 N.E.2d 1026. We have held that a party implicitly waives the statutory time limit of R.C. 2151.35(B)(1) when the party "`fails to move for dismissal when it becomes the party's right to do so, or when the party assists in the delay of the hearing.'" Id., quoting In reA.P., Butler App. No. CA2005-10-425, 2006-Ohio-2717, at ¶ 12. The passage of the time limitations found in R.C. 2151.35(B)(1) do not deprive the juvenile court of subject matter jurisdiction, and "any error in failing to observe [R.C. 2151.35(B)(1)] results in an error in the execution of jurisdiction rather than a lack of jurisdiction."In re D.W., at ¶ 14; accord In re J.J., Cuyahoga App. No. 86276,2007-Ohio-535, at ¶ 26.
 {¶ 23} Thus, in order to challenge the court's failure to dismiss the action following the expiration of the time limits provided in R.C.2151.35(B)(1), S.B. first had to move for a dismissal without prejudice. If the trial court failed to comply with its *Page 12 
mandatory duty to dismiss, the proper remedy would be for S.B. to petition this Court for the writ of procedendo to compel the trial court to comply with R.C. 2151.35(B)(1). In re Matsko, Lake App. No. 2006-L-230 2006-L-231, 2007-Ohio-2060, at ¶ 16 ("In this case, Ms. Shingledecker moved to dismiss on or about October 13, 2006 — but she never petitioned for an extraordinary writ. Instead, she filed this appeal. Consequently, any failure by the trial court to complete the dispositional hearing within ninety days was waived."); see also In reDavis (1999), 84 Ohio St.3d 520, 524, 705 N.E.2d 1219, 1223 (holding that the failure to petition for writ of procedendo to compel the trial court to comply with the time limitation of R.C. 2151.35(A) precludes raising the issue on appeal); Matter of A. W., Hocking App. No. 07CA14,2008-Ohio-718, at ¶ 12 (holding that the failure to petition for the writ of procedendo to compel the juvenile court to comply with the time limitations of R.C. 2151.353(F) estopps a parent from raising that issue on appeal). Having failed to move for dismissal of the complaint on these grounds, S.B. did not preserve this issue for appeal. Therefore, we overrule the second assignment of error.
 V. Entry of Disposition without Journalizing the Case Plan {¶ 24} Next, S.B. argues that the trial court erred by entering a judgment of disposition without journalizing a case plan. R.C.2151.353(D) requires a court to journalize a case plan as part of a court's dispositional order where a finding of dependency occurs. However, S.B. failed to raise this error in the trial court. In any event, the trial court journalized RCCS's case plan prior to entering the order that awarded legal custody to J.M.B.'s maternal aunt. S.B. filed an untimely objection to the plan, which the juvenile court considered and rejected. There is no indication that this *Page 13 
plan was not still in effect at the time of the dispositional order. We have previously held that the juvenile court "[does] not violate R.C.2151.353 by failing to journalize a new case plan simultaneously with its decision." In re Holman, Highland App. 99CA24, 2000-Ohio-1948; accord In re J.M., Clermont App. CA2006-11-096, 2007-Ohio-4219, at ¶ 24 ("[W]e conclude that the trial court did not violate R.C.2151.353(D) by failing to journalize the plan simultaneously with the issuance of its dispositional order."). Therefore, we overrule S.B.'s third assignment of error.
 VI. Cumulative Error {¶ 25} Finally, S.B. argues that the combined effect of the foregoing errors deprived him of due process. However, at best S.B. has demonstrated the existence of a single error below, i.e., the failure to hold a timely dispositional hearing. Thus, the cumulative error rule does not apply in the absence of a cumulative effect.
 {¶ 26} For these reasons, we overrule his fourth assignment of error and affirm the judgment below.
 JUDGMENT AFFIRMED. *Page 14 
 JUDGMENT ENTRY
It is ordered that the trial court's JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.
[1] S.B. also asserts, pro se, that the trial court erred in not bifurcating the adjudicatory and dispositional hearings. However, the trial court did bifurcate these hearings.
[2] We note that at least one court has held that it is not appropriate to apply the holding of Ohio Valley Radiology to permanent custody proceedings under the Juvenile Rules. See In re F.L., Cuyahoga App. No. 83536, 2004-Ohio-1255, at ¶ 11 (holding that entry of the hearing date for a permanent custody hearing on the court docket does not provide constructive notice to a parent given that juvenile docket is not easily accessible and the trial court had sent prior postcard notices for other hearings but not for that one).
[3] R.C. 2151.35(B)(1) provides, in relevant part:
 The dispositional hearing may not be held more than thirty days after the adjudicatory hearing is held. The court, upon the request of any party or the guardian ad litem of the child, may continue a dispositional hearing for a reasonable time not to exceed the time limits set forth in this division to enable a party to obtain or consult counsel. The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed. If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice. *Page 1