DECISION AND JUDGMENT ENTRY
{¶ 1} Gwendolyn P. (the biological mother of Keith P., Nitosha P., and Michael T.) appeals from a judgment issued by the Lucas County Common Pleas Court, Juvenile Division, granting permanent custody of her children to Lucas County Children Services ("LCCS"). Because we conclude that Gwendolyn received proper service of process and notice of the permanent custody matters concerning her children, we affirm.
 Facts {¶ 2} A motion for permanent custody was filed by LCCS on September 18, 2002. LCCS then filed a praecipe for service on Gwendolyn and the children's fathers. On October 4, 2002, Gwendolyn was personally served with the motion for permanent custody and notice of the November 25, 2002 permanent custody hearing. Notice of this hearing was also sent to Gwendolyn's court appointed attorney. On November 25, 2002, the initial permanent custody hearing was held. Gwendolyn failed to appear; however, her attorney was present and was informed of the date for the final permanent custody hearing. On February 18, 2003, the final permanent custody hearing occurred, and Gwendolyn's attorney informed the court that even though Gwendolyn had failed to appear for this trial, he had contacted her, and she stated that "she would try to be here or be here * * *." Her attorney also asked for leave to withdraw from the case, and leave to withdraw was granted by the juvenile court. As a result of the final hearing, permanent custody of Gwendolyn's children was awarded to LCCS. Gwendolyn now appeals the juvenile court's decision.
 Gwendolyn's Sole Assignment of Error {¶ 3} "The trial court erred in going forward to trial in a permanent custody case where the court did not send a notice of final hearing to the defendant mother.
 {¶ 4} "A. Constructive service of a notice of a final hearing is insufficient terminate parental rights, and deprived the mother of her due process rights to a fair trial and, thereby, her constitutionally protected parental rights.
 {¶ 5} "B. Appellant did not waive this objection by her failure to object during the final hearing where she was not present and her attorney withdrew before the hearing began.
 {¶ 6} "C. "In the alternative, if this court finds that appellant's jurisdictional objection was waived, then appellant received ineffective assistance of counsel, and is entitled to a new hearing in a permanent custody matter."
 Analysis {¶ 7} When a permanent custody motion is filed and a permanent custody hearing is scheduled, notice is to be given as set forth in R.C. 2151.414(A)(1).[1] Notice, and therefore service of process, must comply with the provisions of R.C.2151.29.[2] Additionally, the juvenile rules — specifically Juv.R. 16(A)[3] and Juv.R. 20(A) and (B)[4] — provide other requirements and procedures that must be taken to assure proper notice and service on the parties. All of these provisions are to be read together. R.C. 2151.414 requires only notice of the original hearing following the filing of a motion for permanent custody. In the Matter of Baxter (May 27, 1983), Lucas App. No. L-82-314. See, also, In re Xavier D.-S. (Aug. 14, 2000), Lucas App. No. L-99-1342 (After notice is served concerning the permanent custody motion and initial hearing, nothing further is required for the juvenile court to acquire jurisdiction).
 {¶ 8} For proper service, the parents must be notified of the permanent custody motion and the initial permanent custody hearing by one of three methods: personal service, service by certified or registered mail (if the parent's whereabouts cannot be discerned after reasonable diligence), or — if both those methods fail — by publication. R.C. 2951.29; Juv.R. 16. Afterwards, constructive notice of hearings is proper. In reBillingsley, 3rd Dist. Nos. 12-02-07, and 12-02-08, 2003-Ohio-344, at ¶ 8-10; In re Starkey, 150 Ohio App.3d 612,2002-Ohio-6892, at ¶ 31, 37-39; In re Broadzenski (Oct. 26, 1998), Stark App. No. 1997CA00412. Compare, In re F.L., 8th
Dist. No. 83536, 2004-Ohio-1255, at ¶ 8-13; In re D.H., 8th
Dist. No. 82533, 2003-Ohio-6478, at ¶ 15-16. Normally, notice of new or rescheduled hearings is sent to the parent's attorney, as prescribed under Juv.R. 20. In re Starkey, 150 Ohio App.3d 612,2002-Ohio-6892, at ¶ 37-39. The parent's attorney's statement to the juvenile court that he or she communicated with the parent who failed to appear, proves that the parent had constructive notice of the permanent custody hearing. In re Broadzenski
(Oct. 26, 1998), Stark App. No. 1997CA00412.
 {¶ 9} The issue of notice is waived on appeal when the parent's attorney is present for various permanent custody hearings and never argues improper notice. In re Billingsley,
3rd Dist. Nos. 12-02-07, and 12-02-08, 2003-Ohio-344, at ¶ 10; In re Jennifer L. (May 1, 1998), Lucas App. No. L-97-1295. This conclusion does not change because the parent's attorney withdraws from the case at the final permanent custody hearing — particularly if the first affirmative step taken by the parent to regain custody is an appeal from the juvenile court's judgment terminating custody. In re Savanah M., 6th Dist. No. L-03-1112, 2003-Ohio-5855, at ¶ 37-38; In re Rachel G., 6th
Dist. No. L-02-1306, 2003-Ohio-1041, at ¶ 16.
 {¶ 10} Regarding ineffective assistance of counsel, the same standard is used in a juvenile proceeding that is commonly used in a criminal proceeding. Jones v. Lucas Cty. Children'sServices Bd. (1988), 46 Ohio App.3d 85, 86-87. Accord R.C.2151.352; Juv.R. 4(A). The appellant bears the burden of proving that his counsel was ineffective since an attorney is presumed competent. Strickland v. Washington (1984), 466 U.S. 668,687-689; State v. Lott (1990), 51 Ohio St.3d 160, 174. To meet this burden of proof, he must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty. Strickland, supra.; State v. Smith (1985),17 Ohio St.3d 98, 100. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus;State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 108.
 {¶ 11} In discussing the issue of attorney competence, the Ohio Supreme Court has observed: "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citations omitted] * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' [Citations omitted]" State v. Frazier (1991),61 Ohio St.3d 247, 253.
 {¶ 12} This presumption means that a great amount of deference must be given to counsel's trial strategy. State v.Carter (1995), 72 Ohio St.3d 545, 558. We are not to second-guess. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith
(2000), 89 Ohio St.3d 323, 328; State v. Clayton (1980),62 Ohio St.2d 45, 49.
 {¶ 13} An attorney properly licensed in Ohio is presumed to execute his or her duties in an ethical and competent manner.State v. Hamblin (1988), 37 Ohio St.3d 153, 155-156. Effective assistance of counsel requires only that counsel perform at least as well as an attorney with ordinary training and skill in that area of law. State v. Martens (1993), 90 Ohio App.3d 338, 351. It does not guarantee results. State v. Longo (1982),4 Ohio App.3d 136, 139.
 {¶ 14} Here, Gwendolyn received personal service of the motion for permanent custody and notice of the initial permanent custody hearing. She did not attend. She was appointed counsel who communicated with her concerning her final permanent custody hearing; in fact, she told her attorney she would be there. She chose not to attend that hearing. She took an active interest only when her parental rights were terminated. There was no lack of notice since Gwendolyn received actual notice of her first permanent custody hearing and constructive notice of her final permanent custody hearing. Nothing more is required. The argument that her attorney was ineffective because he never objected to improper notice also fails as well because the attorney could not ethically argue something he knew to be false. In this case, all notice requirements were met.
 {¶ 15} Based upon the foregoing, Gwendolyn's sole assignment of error is found not well-taken, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
Handwork, P.J., and Lanzinger, J., Concur.
Singer, J., dissents.
[1] R.C. 2151.414(A)(1) states:
"Upon the filing of a motion pursuant to section 2151.413
[2151.41.3] of the Revised Code for permanent custody of a child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem. The notice also shall contain a full explanation that the granting of permanent custody permanently divests the parents of their parental rights, a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120 of the Revised Code if they are indigent, and the name and telephone number of the court employee designated by the court pursuant to section2151.314 [2151.31.4] of the Revised Code to arrange for the prompt appointment of counsel for indigent persons. * * *"
[2] R.C. 2151.29 states:
"Service of summons, notices, and subpoenas, prescribed by section 2151.28 of the Revised Code, shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at the person's usual place of residence. If the juvenile judge is satisfied that such service is impracticable, the juvenile judge may order service by registered or certified mail. If the person to be served is without the state but the person can be found or the person's address is known, or the person's whereabouts or address can with reasonable diligence be ascertained, service of the summons may be made by delivering a copy to the person personally or mailing a copy to the person by registered or certified mail. * * *"
[3] Juv.R. 16(A) states:
"Except as otherwise provided in these rules, summons shall be served as provided in Civil Rules 4(A), (C) and (D), 4.1, 4.2, 4.3, 4.5 and 4.6. The summons shall direct the party served to appear at a stated time and place. Where service is by certified mail, the time shall not be less than seven days after the date of mailing. * * *"
[4] {¶ a} Juv.R. 20(A) and (B) state:
{¶ b} "(A) Service: when required. Written notices, requests for discovery, designation of record on appeal and written motions, other than those which are heard ex parte, and similar papers shall be served upon each of the parties.
{¶ c} "(B) Service: how made. Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service is ordered by the court upon the party. Service upon the attorney or upon the party shall be made in the manner provided in Civ. R. 5(B)."