OPINION
{¶ 1} Appellant, Jamie Burdette, appeals from judgments of the Allen County Court of Common Pleas, Juvenile Division, granting Appellee, Allen County Children's Services Board ("Children's Services"), permanent custody of her three children, J.A., M.P., and M.A. (hereinafter collectively referred to as the "children"). Burdette maintains that the trial court wrongfully found that her children had been in the custody of Children's Services for twelve or more months of a consecutive twenty-two month period. Finding that trial court erroneously relied upon R.C.2151.414(B)(1)(d) in granting Children's Services permanent custody, we reverse the judgments of the trial court and remand the cause for further proceedings consistent with this opinion.
 {¶ 2} On June 26, 2002, the children were removed from Burdette's home and placed in the protective custody of Children's Services. By stipulation of the parties, the children were adjudicated dependent and placed in the temporary custody of Children's Services on October 16, 2002. On May 15, 2003, Children's Services filed motions for permanent custody of the children. All three motions for permanent custody were consolidated, and hearings were held on the motions on September 30 and December 17, 2003. On August 4, 2004, the trial court issued three separate judgment entries, granting Children's Services permanent custody of all three children.
 {¶ 3} Subsequently, Burdette filed this timely notice of appeal, and all three cases were consolidated upon the sua sponte consideration of this Court. In support of her appeal, Burdette presents three assignments of error for our review.
 Assignment of Error I The trial court committed error by finding that the children were inthe temporary custody of an agency for at least 12 of a consecutive 22month period when it counted the time that passes between the filing of amotion for permanent custody and the permanent custody hearing as thistime should not count toward the 12 month period set forth in R.C.2151.414(B)(1)(d).
 Assignment of Error II The trial court failed to make findings consistent with the standard ofclear and convincing evidence.
 Assignment of Error III The finding of permanent custody is against the manifest weight of theevidence.
 Assignment of Error I {¶ 4} In her first assignment of error, Burdette maintains that the trial court erroneously made a finding that the children had been in the temporary custody of Children's Services for twelve months of a consecutive twenty-two month period. She contends that it was error for the trial court to include the time between the filing of the permanent custody motion and the hearing on the motion in this twelve month period. We agree.
 {¶ 5} R.C. 2151.414 establishes the procedures a trial court must follow and the findings it must make before granting a motion for permanent custody filed pursuant to R.C. 2151.413. According to R.C.2151.414(B)(1), before a trial court can grant permanent custody of a child to a moving agency, it must find, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
(a) The child is not abandoned or orphaned or has not been in thetemporary custody of one or more public children services agencies orprivate child placing agencies for twelve or more months of a consecutivetwenty-two month period ending on or after March 18, 1999, and the childcannot be placed with either of the child's parents within a reasonabletime or should not be placed with the child's parents.
 (b) The child is abandoned.
 (c) The child is orphaned, and there are no relatives of the child whoare able to take permanent custody.
 (d) The child has been in the temporary custody of one or more publicchildren services agencies or private child placing agencies for twelveor more months of a consecutive twenty-two month period ending on orafter March 18, 1999.
 {¶ 6} In interpreting the above statute, the Ohio Supreme Court has recently held that the child must have been in the custody of the agency for at least twelve of the previous twenty-two months prior to the filing of the motion for permanent custody in order for the trial court to grant permanent custody based on R.C. 2151.414(B)(1)(d) grounds. In re C.W.,104 Ohio St.3d 163, 2004-Ohio-6411, at ¶ 26. "In other words, the time that passes between the filing of a motion for permanent custody and the permanent-custody hearing does not count toward the 12-month period set forth in R.C. 2151.414(B)(1)(d)." Id.
 {¶ 7} We note that the decision in In re C.W. was reached after the trial court in the case sub judice had issued its judgment entry. However, a decision of the Ohio Supreme Court must be applied retrospectively absent an express provision in the opinion stating that it is to be applied prospectively only. State ex rel. Adams v. Aluchem,Inc., 104 Ohio St.3d 640, 2004-Ohio-6891, at ¶ 8, citing Lakeside Ave.Ltd. Partnership v. Cuyahoga Cty. Bd. of Revision (1999),85 Ohio St.3d 125, 127, quoting State ex rel. Bosch v. Indus. Comm.
(1982), 1 Ohio St.3d 94, 98. There is no provision in In re C.W. that it is to be applied only prospectively. Therefore, In re C.W. "is applicable to all complaints filed prior to and after the date of its announcement by [the Supreme] court." Lakeside Ave., 85 Ohio St.3d at 128.
 {¶ 8} In paragraph eleven of each child's judgment entry, the trial court stated that:
Inasmuch as the child has been in the temporary custody of Allen CountyChildren Services Board for twelve or more months of a consecutivetwenty-two month period, the Court is required only to make adetermination as to what would be in the best interest of the child andis not required to determine whether the child can or should be placedwith either parent within a reasonable amount of time.
Thus, it is clear from the record that the trial court relied upon R.C. 2151.414(B)(1)(d) in granting Children's Services permanent custody of the children.
 {¶ 9} Likewise, it is equally clear from the record that the children had not been in the temporary custody of Children's Services for a period of twelve of the last twenty-two months prior to the filing of the permanent custody motions on May 15, 2003. According to R.C. 2151.414(B)(1), a child is "considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home." The children were removed from the home on June 26, 2002. Sixty days from this date is August 25, 2002. The children were adjudicated dependent on October 16, 2002. Thus, the children are considered to have entered the temporary custody of Children's Services on the earlier of the two dates, August 25, 2002, and Children's Services' motion for permanent custody, which was filed on May 15, 2003, was obviously filed several months prior to the children having been in Children's Services temporary custody for twelve months.
 {¶ 10} Accordingly, the trial court must have considered the time between the filing of the permanent custody motion and the permanent custody hearing in determining that the children had been in Children's Services' custody for a period of twelve months. Based on the Supreme Court's holding in In re C.W., it was error for the trial court to consider such time in calculating how long the children had been in the temporary custody of Children's Services.[1]
 {¶ 11} As a result, the trial court's finding that the children had been in the custody of Children's Services for twelve of the last twenty-two months was erroneous, and Burdette's first assignment of error is sustained.
 Assignments of Error II and III {¶ 12} In her second and third assignments of error, Burdette maintains that the trial court's judgment granting Children Services permanent custody of the children were not supported by the evidence in the record. Based on our finding that the trial court committed error in calculating the amount of time the children had been in the temporary custody of Children's Services, these assignments of error have been rendered moot and will not be considered by this Court. See, App.R. 12(A)(1)(c).
 {¶ 13} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgments of the trial court and remand the matters for further proceedings consistent with this opinion.
Judgments Reversed and Cause Remanded.
 Cupp, P.J. and Bryant, J., concur.
[1] We note that this Court in In re Adams, 3rd Dist No. 13-04-27,2004-Ohio-7039, at ¶ 11, failed to acknowledge the holding of In reC.W. Therefore, the holding in In re Adams, to the extent that it is contrary to the Supreme Court's holding in In re C.W., is no longer of precedential value.