OPINION
{¶ 1} Appellant, Jamie Burdette, brings these appeals from the December 20, 2005 judgments of the Court of Common Pleas, Allen County, Ohio, granting permanent custody to appellee, Allen County Children Services Board ("ACCSB"). The trial court had previously granted permanent custody to ACCSB in its judgment entry filed August 4, 2004. However, we reversed those judgments and remanded the cases, finding that the trial court had committed prejudicial error by erroneously finding that the children had been in the custody of ACCSB for twelve of the last twenty-two months as required under R.C. 2151.414(B)(1)(d). Inre Arnold, Allen App. Nos. 1-04-71, 1-04-72, 1-04-73,2005-Ohio-1418. In these appeals, Burdette argues that the trial court erred in failing to conduct a new evidentiary hearing upon remand. For the reasons that follow, these appeals are not well taken.
 {¶ 2} These cases concern the welfare of three of Burdette's children, Jack Arnold, Jr., Marlaynna Arnold, and Machaglah Page. Complaints were filed in the Juvenile Court Division of the Allen County Court of Common Pleas on June 18, 2002, seeking a grant of protective supervision to ACCSB. Thereafter, the children were removed from the home and ACCSB was given protective custody on June 26, 2002. On October 26, 2002, by agreement of the parties through a stipulated judgment entry, the children were adjudicated dependent children and the court granted ACCSB temporary custody. ACCSB filed motions for permanent custody of all three children on May 15, 2003. The cases were consolidated, and evidentiary hearings were held on September 30 and December 17, 2003. The trial court initially granted the motions for permanent custody on August 4, 2004. Burdette appealed, and we reversed the trial court's judgment finding that the court had failed to make the necessary findings to grant permanent custody to ACCSB under R.C. 2151.414(B)(1). In re Arnold, at ¶ 10-11.
 {¶ 3} Upon remand, the trial court allowed the parties to file briefs on the issue of whether a new evidentiary hearing was required. The court then ruled that a new hearing was not required, and reconsidered the evidence based on our previous decision. The court then found that the children cannot be placed with either parent within a reasonable period of time, fulfilling the requirements of R.C. 2151.414(B)(1). The court therein granted ACCSB permanent custody of the children. Burdette now appeals, asserting one assignment of error:
The trial court committed error prejudicial to the defendantby failing to hold a hearing on permanent custody upon reversaland remand by the Court of Appeals.
 {¶ 4} In her sole assignment of error, Burdette argues that the trial court erred by not holding a new evidentiary hearing after this court's previous reversal. In the previous appeal, we reversed the trial court's finding under R.C. 2151.414(B)(1)(d) that the children had been in ACCSB's temporary custody for twelve of the last twenty-two months. Due to this holding, we held that Burdette's remaining assignments of error were rendered moot. Burdette had argued in those assignments of error that the trial court's finding that granting permanent custody to ACCSB was in the children's best interests was against the manifest weight of the evidence and that the court had not made its findings by clear and convincing evidence. She now contends that a new evidentiary hearing was required because we did not give instructions on remand regarding the scope of proceedings that were required.
 {¶ 5} The proceedings below following our reversal in the previous case fall under App.R. 12(D), which provides:
In all other cases where the court of appeals finds errorprejudicial to the appellant, the judgment or final order of thetrial court shall be reversed and the cause remanded to the trialcourt for further proceedings.
 {¶ 6} The question in the instant case, then, is what constitutes "further proceedings," and whether a new evidentiary hearing was necessary. Burdette contends that, because we did not specify what issues should be retried in our previous holding, and because we did not address her second and third assignments of error relating to the manifest weight of the evidence, the entire case must be re-tried.
 {¶ 7} First, we find no law requiring a re-hearing of all of the issues in a case when an appellate court holds that proper findings were not made. In the previous appeal, we found that the trial court was without authority to grant permanent custody to ACCSB because the court did not make proper findings under R.C.2151.414(B)(1). Arnold, at ¶ 11. Under that statute, the trial court was required to find, by clear and convincing evidence, (1) that a grant of permanent custody was in the children's best interests and (2) that one of four enumerated factors existed.In the matter of: Adams, Seneca App. No. 13-04-27,2004-Ohio-7039, ¶ 9. In the instant case, the trial court had found pursuant to R.C. 2151.414(B)(1)(d) that the children had been in temporary custody for at least twelve of the preceding twenty-two months. Arnold, at ¶ 8. However, we determined that this finding was erroneous due to the Supreme Court of Ohio's decision in In re C.W., 104 Ohio St.3d 163, 2004-Ohio-6411, in which the Court held that the period of time between the filing of the motion for permanent custody and the permanent custody hearing could not be included in this calculation. Id. at ¶ 26. Consequently, the trial court had failed to make the necessary findings under the statute to grant permanent custody to ACCSB.
 {¶ 8} In similar cases where trial courts have not made necessary findings, our general practice is to remand those cases for further proceedings consistent with the appellate opinion. In those instances, we have not required a new evidentiary hearing and have permitted the court to make the proper findings based on the previous record. For example, when we have found that a criminal sentence is invalid because the trial court did not make necessary findings those cases are remanded for the court to make the proper findings, if applicable, based on the trial record and the pre-sentence investigation report. State v. Eaton, Union App. No. 14-04-12, 2004-Ohio-5349, ¶ 34-35. Also, in a divorce proceeding where the parents are both seeking custody the trial court is required to make certain findings before awarding or modifying child support. See R.C. 3109.04 and 3109.051(D). In those cases, we might remand to the trial court to make proper findings concerning the child support order, but this would not require a new hearing to determine which parent should be designated the residential parent. In short, there is no case law supporting appellant's contention that a new evidentiary hearing is required; on the contrary, in similar situations we have not required a new hearing.
 {¶ 9} Second, there is no merit to appellant's contention that a new evidentiary hearing was required due to our failure to address the second and third assignments of error in her previous appeal. These assignments of error claimed that the court's order was against the manifest weight of the evidence and that the court had not made the proper findings by clear and convincing evidence. Our procedural posture in the previous appeal was that these assignments of error could not be addressed due to the trial court's failure to make the necessary findings. It is axiomatic that we cannot make a determination that findings are against the manifest weight of the evidence if the required findings have not yet been made. Likewise, we cannot examine whether the court followed the proper standard when making its findings if the necessary findings were not made. The lack of required findings in the trial court's order made that order incomplete; the purpose of remanding the case was to complete that order and the appropriate time for determining if the findings were correct is after a complete order is rendered.
 {¶ 10} However, nothing in our previous holding required a complete re-hearing of the evidence. Our previous decision reversed the trial court's holding based on a procedural ruling by the Supreme Court that was rendered after the trial court had issued its decision. That ruling altered the findings that the trial court was required to make in order to grant permanent custody. See In re: C.W., at ¶ 26. There is no reason why the trial court could not make a complete finding in accordance withIn re C.W. based on the record already before the court.
 {¶ 11} Finally, Burdette has not demonstrated in any meaningful way what would be achieved by ordering the court to conduct a second evidentiary hearing. She made no proffer before the trial court, nor has she pointed to any new evidence she wishes to present. Moreover, she has not shown, nor did we find in the previous appeal, any prejudicial error that occurred at the prior hearing. We found error in the court's findings due to a new interpretation of the time requirements, but there was no error found in the course of the hearing itself. Without any indication of what additional evidence appellant wishes to present, and without demonstrating any inherent flaw in the previous hearing, we see no reason to require the trial court to conduct a second evidentiary hearing in the instant case.
 {¶ 12} Burdette also asserts that she has been somehow prevented from bringing her claims that the trial court's judgment was against the manifest weight of the evidence and that the court failed to make its findings under the clear and convincing evidence standard mandated by R.C. 2151.414(B)(1). This is incorrect. As previously stated, it would have been improper for this court to consider those arguments in the previous appeal due to the fact that the statute's required findings had not be made. Nothing in our previous decision would have prevented Burdette from re-asserting those assignments of error after the trial court had made the necessary findings. She has failed to do so in this appeal, however, and therefore those assignments of error are not properly before this court in this appeal. See App.R. 12(A)(1) ("[A] court of appeals shall do all of the following: Determine the appeal on its merits on theassignments of error set forth in the briefs under App.R. 16 * * *." (emphasis added)).
 {¶ 13} Accordingly, based on the foregoing appellant's assignment of error is overruled. The judgments of the trial court are hereby affirmed.
Judgments affirmed.
 Bryant, P.J., and Rogers, J., concur.