[Cite as *In re L.B.*, 2012-Ohio-905.]

STATE OF OHIO        )          IN THE COURT OF APPEALS
                         )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

IN RE: L.B.
       L.B.
       A.F.

C.A. No.     26034

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   DN 11 01 0010
               DN 11 01 0011
               DN 11 01 0012

DECISION AND JOURNAL ENTRY

Dated: March 7, 2012

BELFANCE, Judge.

{¶1} Lasha Franklin appeals the judgment of the juvenile court adjudicating her children dependent. For the reasons set forth below, we vacate the judgment.

I.

{¶2} Ms. Franklin is the mother of L.B., A.F. and L.B. After Ms. Franklin brought her son A.F. to the hospital for a head injury, the Summit County Children Services Board ("CSB") began proceedings to have her three children adjudicated dependent. At the hearing, Ms. Franklin argued that the trial court lacked jurisdiction because she and A.F.'s father had not been properly served and that her children should be returned to her care. The magistrate rejected her arguments and found the children to be dependent.

{¶3} The juvenile court adopted the magistrate's decision, but Ms. Franklin timely filed objections, arguing that the magistrate incorrectly found the children to be dependent and

incorrectly determined that service was sufficient. The juvenile court overruled Ms. Franklin's objections and entered judgment.

{¶4} Ms. Franklin has appealed, raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY PROCEEDING TO THE ADJUDICATORY HEARING WHEN ALL THE PARTIES HAD NOT BEEN PROPERLY SERVED UNDER R.C. 2151.29

### ASSIGNMENT OF ERROR II

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILDREN WERE DEPENDENT CHILDREN UNDER R.C. 2151.04(B) AND (C) BECAUSE THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} Ms. Franklin concedes that service for her youngest child was proper. However, she argues that the trial court lacked jurisdiction to find her eldest child and A.F. dependent because neither she nor their father was properly served. Because we agree that the record is insufficient to establish a presumption that Ms. Franklin was served for the two children, we do not reach the question of whether Ms. Franklin has standing to challenge the service of the children's father or whether service was perfected on the father.

{¶6} We review a challenge to a court's jurisdiction de novo. *Eisel v. Austin*, 9th Dist. No. 09CA009653, 2010-Ohio-3458, ¶ 9. R.C. 2151.29 and Juv.R. 16 set forth the proper procedures for service in juvenile cases and must be read together. *See In re Keith Lee P.*, 6th Dist. No. L-03-1266, 2004-Ohio-1976, ¶ 7. Juv.R. 16(A) requires that, except as otherwise provided by the rules, summons "be served as provided in Civil Rules 4(A), (C) and (D), 4.1, 4.2, 4.3, 4.5 and 4.6[,]" and R.C. 2151.29 provides, in pertinent part, that:

Service of summons, notices, and subpoenas * * * shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at the person's usual place of residence. If the juvenile judge is satisfied that such service is impracticable, the juvenile judge may order service by registered or certified mail. If the person to be served is without the state but the person can be found or the person's address is known, or the person's whereabouts or address can with reasonable diligence be ascertained, service of the summons may be made by delivering a copy to the person personally or mailing a copy to the person by registered or certified mail.

Whenever it appears by affidavit that after reasonable effort the person to be served with summons cannot be found or the person's post-office address ascertained, whether the person is within or without a state, the clerk shall publish such summons once in a newspaper of general circulation throughout the county. The summons shall state the substance and the time and place of the hearing, which shall be held at least one week later than the date of the publication. A copy of the summons and the complaint, indictment, or information shall be sent by registered or certified mail to the last known address of the person summoned unless it is shown by affidavit that a reasonable effort has been made, without success, to obtain such address.

{¶7} "The right of a parent to the custody of his or her child is one of the oldest fundamental liberty interests recognized by American courts." *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 10, citing *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000). "[D]eprivation of custody, even temporarily, infringes on a parent's fundamental interest in the custody of his or her child * * *." *In re M.D.*, 10th Dist. No. 07AP-954, 2008-Ohio-4259, ¶ 10; *see also In re Murray*, 52 Ohio St.3d 155, 157 (1990) (concluding that "parental custody of a child is an important legal right protected by law * * *"). For this reason, due process concerns are of paramount importance with respect to parental custody matters.

{¶8} This Court has previously noted the importance of the manner of service being reflected in the record. *In re S.S.*, 9th Dist. No. 10CA0010, 2010-Ohio-6374, ¶ 19. If a process server is used, the server must endorse the fact of accomplished or failed service. *Id.* Furthermore, "whether service is accomplished by personal service, residence service, certified mail, registered mail, or express mail, the rule requires the clerk to make an appropriate entry on

the appearance docket demonstrating either that service has been accomplished or that the attempted service has failed." *Id.* "[P]roper service may be presumed only where the civil rules regarding service are followed." *Id.* at ¶ 45, citing *Eisel*, 2010-Ohio-3458, at ¶ 11.

{¶9}   Each child in this case was assigned an individual case number, but it appears that the children's files were consolidated for the purposes of the court proceedings.  Thus, the record on appeal is a single file with three separate dockets.  However, it appears that, in this instance, the consolidated file created deficiencies with respect to recording whether service was accomplished as to each child.

{¶10} The clerk of courts did not note that service on Ms. Franklin had been accomplished or failed on any of the dockets.  Thus, there was a failure to comply with Civ.R. 4.1 with respect to the manner in which recordation of service must be demonstrated in the record. *In re S.S.* at ¶ 19.   With respect to the youngest child, a copy of the summons was filed with the clerk.  However, no summons was filed with the clerk with respect to the other two children. The process server signed the summons filed under the youngest child's case, indicating that he had served the summons on Ms. Franklin by "personally delivering to [her] a true copy thereof[.]"  The summons is typed to indicate that it refers to the youngest child's case, listing her initials and case number at the top.  However, next to the youngest child's initials, the initials of the eldest child and A.F. have been handwritten.  Similarly, the older children's case numbers have been written in next to the youngest child's case number.

{¶11}  Ms. Franklin concedes that service was accomplished with regard to  her youngest child.  She argues that the summons on file in the youngest child's case fails to sufficiently establish that the process server served her regarding A.F. and her eldest child.  It is unknown when the document was altered, and the handwritten additions are not initialed or marked in any

way to identify who made the handwritten additions. Furthermore, the body of the summons is written in the singular, referring to "the above-named juvenile" and "the above-named child[.]" Clearly, the summons in the record was intended solely to refer to the youngest child. This makes the handwritten alterations all the more troubling as it renders the summons internally inconsistent.

{¶12} Based upon the record in this case, we cannot conclude that CSB was entitled to the presumption that service had been completed regarding the eldest child and A.F. *See In re S.S.*, 2010-Ohio-6374, at ¶ 45. Accordingly, the trial court lacked the authority to proceed on the adjudication of those children. *See id.* at ¶ 51-52. Although service was accomplished as to the youngest child, we nonetheless find it appropriate to vacate the judgment in its entirety. The focus of the dependency allegations was upon the events pertaining to A.F. and there was very little mention of the youngest child in the record. Given that the trial court did not have authority to proceed to hear evidence relative to A.F. and the eldest child, and the factual allegations surrounding A.F. are inextricably entwined with and form the basis for seeking an adjudication of dependency as to all of the children, we conclude that the judgment as to the youngest child cannot stand since it would essentially render immaterial our determination that the trial court lacked authority to proceed.

{¶13} Ms. Franklin's first assignment of error is sustained.

### III.

{¶14} Ms. Franklin's first assignment of error is sustained and the adjudication of dependency is vacated. We do not reach the merits of her second assignment of error.

Judgment vacated.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT


WHITMORE, P. J.
CONCURS

DICKINSON, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶15} I agree that the Juvenile Court never obtained jurisdiction over Ms. Franklin in regard to her two older children. It did, however, have jurisdiction over her in regard to her youngest child. Accordingly, I dissent from the majority's decision to vacate the trial court's judgment in regard to that child without reviewing the merits of Ms. Franklin's second assignment of error.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.