[Cite as *In re M.F.*, 2015-Ohio-4224.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

IN RE:

        **M.F.,**

**ABUSED AND DEPENDENT CHILD.**

**[JUAN FLORES - APPELLANT].**

CASE NO. 7-15-06

**O P I N I O N**

---

Appeal from Henry County Common Pleas Court
Juvenile Division
Trial Court No. 20053020

**Judgment Reversed and Cause Remanded**

**Date of Decision: October 13, 2015**

---

APPEARANCES:

    *Alan J. Lehenbauer* **for Appellant**

    *J. Hawken Flanagan* **for Appellee**

**PRESTON, J.**

{¶1} Appellant, Juan Flores ("Flores"), appeals the March 10, 2015 judgment entry of the Henry County Court of Common Pleas, Juvenile Division, granting permanent custody of his child, M.F., to appellee, the Henry County Department of Job and Family Services (the "Agency"). For the reasons that follow, we reverse.

{¶2} On October 27, 2005, the Agency filed a complaint alleging that M.F. is an abused and dependent child under R.C. 2151.031 and 2151.04, respectively. (Doc. No. 1). The Agency also filed a verified motion for temporary custody of M.F. (Doc. No. 2). That day, a magistrate of the trial court granted immediate temporary custody of M.F. to the Agency. (Doc. No. 3).

{¶3} Following an adjudicatory hearing on January 12, 2006, the trial court filed a judgment entry on April 18, 2006 granting the Agency leave, based on the agreement of the parties, to amend the complaint. (Doc. No. 22). Based on Flores's admission that M.F. is an abused and dependent child as alleged in the amended complaint, the trial court adjudicated M.F. an abused and dependent child as alleged in the amended complaint. (*Id.*). The trial court ordered that M.F. remain in the Agency's temporary custody. (*Id.*).

{¶4} On June 4, 2009—following a hearing on a motion for permanent custody or, alternatively, for a planned permanent living arrangement ("PPLA")

for M.F.—the trial court filed a judgment entry placing M.F. in a PPLA. (Doc. No. 136).

{¶5} On August 13, 2014, the Agency filed a motion for permanent custody of M.F. (Doc. No. 238).

{¶6} On August 18, 2014, the trial court held an initial appearance on the Agency's August 13, 2014 motion for permanent custody. (*See* Doc. No. 270 at 16, ¶ 73). At that hearing, the trial court advised Flores of his rights and the potential dispositions in the case. (*Id.*).

{¶7} The trial court held a permanent-custody hearing on November 25 and 26 and December 10, 2014. (*See* Doc. No. 270).

{¶8} On March 10, 2015, the trial court filed its judgment entry awarding permanent custody of M.F. to the Agency. (*Id.*).

{¶9} Flores filed his notice of appeal on April 6, 2015. (Doc. No. 272). He raises three assignments of error for our review. While we ultimately sustain Flores's third assignment of error based on one of the arguments he makes under that assignment of error, we must first address Flores's first and second assignments of error, which concern the jurisdiction of this court and the trial court.

### Assignment of Error No. I

**This appellate court lacks jurisdiction because the judgment entry of the trial court is not a final appealable order.**

{¶10} In his first assignment of error, Flores argues that this court does not have jurisdiction over the appeal he filed. Specifically, he argues, without citing authority, that "the trial court must issue a specific and express order that permanently terminates Appellant's parental rights," separate from simply granting the Agency's motion for permanent custody. (Appellant's Brief at 7). Flores also argues under this assignment of error that the Agency was required to file a motion requesting that the trial court issue "[a]n order permanently terminating the parental rights of" Flores under R.C. 2151.415(A)(4).

{¶11} "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 10. *See also* Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2505.02. A judgment of a trial court is a final appealable order only if it satisfies the requirements of R.C. 2505.02 and, if applicable, the requirements of Civ.R. 54(B). *Stewart v. Midwestern Indemn. Co.*, 45 Ohio St.3d 124, 127 (1989). If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and must dismiss the appeal. *In re Estate of Sickmiller*, 3d Dist. Paulding No. 11-13-01, 2013-Ohio-3788, ¶ 6.

{¶12} A judgment entry awarding permanent custody of a child to a children services agency—thereby terminating a parent's parental rights to the

child—is a final appealable order under R.C. 2505.02. *See In re Baby Boy W.*, 3d Dist. Hancock No. 5-10-39, 2011-Ohio-2337, ¶ 8, 11. *See also In re Masters*, 165 Ohio St. 503 (1956), paragraph one of the syllabus ("An order of the Juvenile Court * * * committing * * * children to the permanent custody of a child welfare board for the purpose of placing them for adoption is a final appealable order * * *.").

{¶13} Here, the trial court's March 10, 2015 judgment entry awarded permanent custody of M.F. to the Agency: "Now, therefore, based upon the findings set out above, the following orders are issued: * * * The Agency's motion for Permanent Custody is granted and the disposition is changed to Permanent Custody to the Agency with the goal of adoption." (Doc. No. 270 at 53). Accordingly, the March 10, 2015 judgment entry is a final appealable order. *See In re Baby Boy W.* at ¶ 11. Flores does not direct us to any authority indicating that the trial court was required to include in its judgment entry language expressly divesting him of his parental rights, and we conclude that it was not required to do so to render the March 10, 2015 judgment entry a final appealable order. *See In re Sims*, 7th Dist. Jefferson No. 02-JE-2, 2002-Ohio-3458, ¶ 43 ("[R.C. 2151.353 and 2151.414] permit the court to transfer permanent custody to a children's services agency or another person. The *effect* of that transfer is to permanently divest the

parents of their parental rights." (Emphasis sic.)), citing *In re Fassinger*, 42 Ohio St.2d 505 (1975), syllabus.

{¶14} Also erroneous is Flores's argument that, under R.C. 2151.415(A)(4), the Agency was required to file a motion requesting that the trial court issue "[a]n order permanently terminating the parental rights of" Flores. By its plain terms, R.C. 2151.415(A) does not apply in "cases in which a motion for permanent custody described in [R.C. 2151.413(D)(1)] is required to be made." R.C. 2151.413(D)(1) provides, in part, "[I]f a child has been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two-month period, the agency with custody shall file a motion requesting permanent custody of the child." Flores concedes that M.F. was in the Agency's temporary custody for 12 or more months of a consecutive 22-month period. (Appellant's Brief at 11, 13-14). Therefore, because this case is one "in which a motion for permanent custody described in [R.C. 2151.413(D)(1)] is required to be made," R.C. 2151.415(A) does not apply as Flores contends. And the statute, at any rate, does not somehow render the trial court's March 10, 2015 judgment entry a non-final order.

{¶15} Flores's first assignment of error is overruled.

Case No. 7-15-06

## Assignment of Error No. II

**The trial court lacked jurisdiction because appellant was not provided certain procedural safeguards, including notice as set forth in R.C. 2151.414(A)(1) and notice of the R.C. 2151.413 basis for appellee Agency's motion for permanent custody.**

{¶16} In his second assignment of error, Flores argues that he was not served with a summons and copy of the August 13, 2014 motion for permanent custody as required by R.C. 2151.414(A)(1). Flores also argues that the Agency failed to meet with him and to amend the case plan before filing its motion for permanent custody, as required under Ohio Adm.Code 5101:2-42-95. Finally, he argues that the Agency's August 13, 2014 motion for permanent custody failed to state whether the Agency filed its motion under R.C. 2151.413(C) or 2151.413(D)(1).

{¶17} "A challenge to a trial court's jurisdiction is reviewed de novo upon appeal." *In re J.M.*, 3d Dist. Wyandot No. 16-12-01, 2012-Ohio-4109, ¶ 15, citing *In re L.B.*, 9th Dist. Summit No. 26034, 2012-Ohio-905, ¶ 6. "Under the de novo standard of review, the appellate court may substitute, without deference, its judgment for that of the trial court." *Id.*, citing *Arnett v. Precision Strip, Inc.*, 3d Dist. Auglaize No. 2-11-25, 2012-Ohio-2693, ¶ 10.

{¶18} "Chapter 2151 of the Ohio Revised Code addresses the means by which notice of the filing of a motion for permanent custody and notice of the hearing on such motion must be given to a parent." *In re S.S.*, 9th Dist. Wayne

-7-

No. 10CA0010, 2010-Ohio-6374, ¶ 10. Specifically, R.C. 2151.414(A)(1) provides:

> Upon the filing of a motion * * * for permanent custody of a child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem.

That statute also sets forth the required contents of a notice issued under it. R.C. 2151.414(A)(1).

{¶19} "R.C. 2151.414(A)(1) requires conformance with R.C. 2151.29, which explains the manner by which 'notice of the filing of the motion and of the hearing' shall be served on parties." *In re S.S.* at ¶ 12. Regarding parties residing within the state, R.C. 2151.29 provides:

> Service of summons, notices, and subpoenas * * * shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at the person's usual place of residence. If the juvenile judge is satisfied that such service is impracticable, the juvenile judge may order service by registered or certified mail.

That statute also explains the circumstances under which service by publication may be utilized. R.C. 2151.29.

{¶20} If a party fails to raise the issue of inadequacy of the notice required under R.C. 2151.414(A) and elects to appear and participate with counsel, notwithstanding the alleged inadequacy of notice, then that party waives any objection to the adequacy of the notice. *In re Shaeffer Children*, 85 Ohio App.3d 683, 688 (3d Dist.1993), citing *Mobley v. Allaman*, 89 Ohio Law Abs. 473 (P.C.1961). *See also In re Thompson*, 10th Dist. Franklin Nos. 02AP-557 and 02AP-558, 2003-Ohio-580, ¶ 32 (citing *In re Shaeffer Children* and overruling mother-appellant's assignment of error asserting that the trial court erred and lacked jurisdiction because she was not properly served with the motion for permanent custody in violation of R.C. 2151.414(A)); *In re Billingsley*, 3d Dist. Putnam Nos. 12-02-07 and 12-02-08, 2003-Ohio-344, ¶ 9 ("Several appellate courts in Ohio have held that the validity of a subsequent judgment of permanent custody may not be affected where the parent has appeared in the case, contested the permanent custody motion on other grounds, and thus waived any failure of service in the dependency action."), citing *In re Grant*, 10th Dist. Franklin No. 00AP-431, 2001 WL 102254 (Feb. 8, 2001), *In the Matter of: Jennifer L.*, 6th Dist. Lucas No. L-97-1295, 1998 WL 230808 (May 1, 1998), and *Brown v. Miami Cty. Children Servs. Bd.*, 2d Dist. Miami No. 90-CA-31, 1991 WL 47530 (Apr. 5, 1991).

{¶21} In this case, it appears from the record that a summons and copy of the August 13, 2014 motion for permanent custody were issued for service. There is conflicting information in the record, though, concerning whether Flores was served with them. One return of service, filed on August 18, 2014, indicates that Flores was served by a deputy clerk of courts that day; however, that return of service does not specify a method of service. (Doc. Nos. 239, 240, 241). Another return of service, filed on August 21, 2014, indicates that a deputy sheriff received the documents for service on August 15, 2014 but was unable to serve Flores because he did not reside at the address given. (Doc. No. 244).

{¶22} Nevertheless, even assuming Flores was not served with the summons and copy of the motion, he waived any objection to inadequacy of the notice because he failed to argue to the trial court that the notice was inadequate under R.C. 2151.414(A). Flores was represented by counsel, and according to the August 13, 2014 permanent-custody motion's certificate of service, counsel for the Agency mailed a copy of the motion to Flores's counsel on August 11, 2014. (Doc. No. 238). Flores and his counsel participated in the initial appearance on August 18, 2014, at which the trial court "advised Mr. Flores of his rights and the potential dispositions in this case." (*See* Doc. No. 270 at 16, ¶ 73). *See In re Shaeffer Children* at 688 (observing that, "despite the alleged ineffective notice, appellant elected to appear and participate with counsel"). Flores requested and

was granted a continuance of the permanent-custody hearing scheduled for October 14, 2014 because he "[was] still in Mexico dealing with immigration issues and [was] unsure of his return date." (Doc. No. 250). *See In re Thompson* at ¶ 32 (observing that the mother-appellant's counsel "filed motions prior to trial and signed continuance forms for a change in trial dates"). Flores and his counsel participated completely in the three-day hearing and contested the permanent-custody motion on other grounds. (*See* Doc. No. 270 at 1); (Nov. 25, 2014 Tr. at 4); (Nov. 26, 2014 Tr. at 3); (Dec. 10, 2014 Tr. at 3). *See In re Thompson* at ¶ 32 (observing that "[a]ppellant was present at trial, and was represented by counsel"). Flores does not dispute that he failed to raise the issue of inadequacy of the R.C. 2151.414(A) notice. Therefore, because Flores appeared and participated with counsel, notwithstanding the alleged inadequacy of notice, and failed to object to the alleged inadequacy of the notice, he waived any objection to adequacy of notice.

{¶23} We also reject the two additional arguments that Flores makes under this assignment of error: (1) that the Agency did not comply with Ohio Adm.Code 5101:2-42-95(C), which provides, "The [public children services agency ("PCSA")] * * * shall meet with the parent to review the agency's decision to file a motion with the court to terminate parental rights. The PCSA * * * shall seek to amend the case plan prior to filing a motion to terminate parental rights"; and (2)

that the Agency's August 13, 2014 motion for permanent custody failed to state whether it was filed under R.C. 2151.413(C) or 2151.413(D)(1).

{¶24} "'An appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *In re S.T., V.T. & P.T.*, 9th Dist. Summit No. 22665, 2005-Ohio-4793, ¶ 9, quoting *LeFort v. Century 21–Maitland Realty Co.*, 32 Ohio St.3d 121, 123 (1987). "Failure to raise a timely objection, may be found to result in a waiver of the alleged error." *Id.*, citing *Lefort* at 123.

{¶25} The record reveals that Flores could have called but did not call to the trial court's attention these two arguments—noncompliance with Ohio Adm.Code 5101:2-42-95(C) and failure to cite the specific statutory subsection on which the Agency based the permanent-custody motion. Nor does Flores on appeal argue plain error. *See In re J.G.*, 9th Dist. Wayne No. 12CA0037, 2013-Ohio-417, ¶ 20, citing *In re T.E.*, 9th Dist. Summit No. 22835, 2006-Ohio-254, ¶ 7. Finally, while Flores does not seem to argue that these alleged procedural defects are jurisdictional—notwithstanding his including them under his "lacked jurisdiction" assignment of error—he nevertheless fails to cite any authority suggesting that they are jurisdictional. For all of these reasons, we will not consider these two arguments made by Flores for the first time on appeal.

{¶26} Flores's second assignment of error is overruled.

**Assignment of Error No. III**

**The trial court erred in granting appellee Agency's motion for permanent custody.**

{¶27} In his third assignment of error, Flores makes four arguments, the first of which consists of three sub-arguments. First, he argues that "the trial court failed to comply with permanent custody statutes and to make requisite findings." (Appellant's Brief at 13). Second, he argues that the Agency was prohibited from filing a motion for permanent custody because R.C. 2151.413(D)(3) provides, "An agency shall not file a motion for permanent custody * * * if * * * [t]he agency documents in the case plan or permanency plan a compelling reason that permanent custody is not in the best interest of the child," and, according to Flores, the Agency's case plans and the record demonstrate that permanent custody is not in the best interest of M.F. Third, Flores argues that "the trial court erred by applying R.C. 2151.414(B)(2) since that subsection does not apply." Finally, he argues that the trial court's decision to award permanent custody to the Agency is against the manifest weight of the evidence.

{¶28} Below, we will first address and reject two sub-arguments under Flores's first argument, and we will also address and reject his third argument. Then we will address and find merit in one of Flores's sub-arguments under his first argument. Finally, we will find moot Flores's second and fourth arguments.

{¶29} The right to raise one's child is a basic and essential right. *In re Murray*, 52 Ohio St.3d 155, 157 (1990), citing *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208 (1972) and *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625 (1923). "Parents have a 'fundamental liberty interest' in the care, custody, and management of the child." *Id.*, quoting *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388 (1982). However, the rights and interests of a natural parent are not absolute. *In re Thomas*, 3d Dist. Hancock No. 5-03-08, 2003-Ohio-5885, ¶ 7. These rights may be terminated under appropriate circumstances and when the trial court has met all due process requirements. *In re Leveck*, 3d Dist. Hancock Nos. 5-02-52, 5-02-53, and 5-02-54, 2003-Ohio-1269, ¶ 6.

{¶30} When considering a motion for permanent custody of a child, the trial court must comply with the statutory requirements set forth in R.C. 2151.414. *See In re C.E.*, 3d Dist. Hancock Nos. 5-09-02 and 5-09-03, 2009-Ohio-6027, ¶ 14. R.C. 2151.414(B)(1) provides, in relevant part, that a trial court

> may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

\* \* \*

(d)   The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period \* \* \*.

R.C. 2151.414(B)(1)(d).

**{¶31}** "If the trial court determines that any provision enumerated in R.C. 2151.414(B)(1) applies, the trial court must determine, by clear and convincing evidence, whether granting the agency permanent custody of the child is in the child's best interest."  (Emphasis deleted.)  *In re A.F.*, 3d Dist. Marion No. 9-11-27, 2012-Ohio-1137, ¶ 55, citing *In re D.M.*, 3d Dist. Hancock Nos. 5-09-12, 5-09-13, and 5-09-14, 2009-Ohio-4112, ¶ 33 and *In re K.H.*, 3d Dist. Hancock No. 5-10-06, 2010-Ohio-3801, ¶ 30.   In determining whether granting the agency permanent custody is in the best interest of the child, R.C. 2151.414(D)(1) provides:

[T]he court shall consider all relevant factors, including, but not limited to, the following:

(a)   The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home

providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

R.C. 2151.414(D)(1)(a)-(e).

{¶32} A trial court commits reversible error if it fails to make one of the determinations required under R.C. 2151.414(B)—namely, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that one of the circumstances listed in R.C. 2151.414(B)(1)(a)-(e) applies. *See In re Brown*, 98 Ohio App.3d 337, 343 (3d

Dist.1994). If the trial court makes these statutorily required determinations, a reviewing court will not reverse a trial court's decision unless it is not supported by clear and convincing evidence. *In re H.M.K.*, 3d Dist. Wyandot Nos. 16-12-15 and 16-12-16, 2013-Ohio-4317, ¶ 43, citing *In re Meyer*, 98 Ohio App.3d 189, 195 (3d Dist.1994), citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985) and *In re Adoption of Lay*, 25 Ohio St.3d 41, 42 (1986).

{**¶33**} We first address Flores's arguments under this assignment of error that we find not well taken. In one sub-argument under his first argument, Flores argues, "The plain language of [R.C. 2151.413(D)(1)] mandates a determination that an exception under R.C. 2151.413(D)(3) does not apply." (Appellant's Brief at 13). Flores's argument lacks merit. R.C. 2151.413(D)(1) provides, in relevant part:

> *Except as provided in division (D)(3) of this section*, if a child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, the agency with custody shall file a motion requesting permanent custody of the child.

(Emphasis added.) R.C. 2151.413(D)(1). The language of the statute italicized above does not, as Flores argues, "mandate[] a determination that an exception

under R.C. 2151.413(D)(3) does not apply." We can find no authority suggesting otherwise, and Flores directs us to none. Rather, the language simply provides an exception to the application of R.C. 2151.413(D)(1).

**{¶34}** Next, also in a sub-argument under his first argument, Flores argues that the trial court erred by failing to specify whether its decision to grant permanent custody was based on R.C. 2151.414(B)(1)(d) and 2151.413(D)(1) or on R.C. 2151.414(B)(2)[1] and 2151.413(D)(2).[2] This argument is similar to Flores's third argument under this assignment error, in which he contends that "the trial court erred by applying R.C. 2151.414(B)(2) since that subsection does not apply." (Appellant's Brief at 16). Despite these arguments, as we stated in addressing his first assignment of error, Flores concedes that M.F. was in the temporary custody of the Agency for more than 12 months of a consecutive 22-month period. (*Id.* at 11, 13-14). The trial court accordingly applied R.C.

---

[1] R.C. 2151.414(B)(2) provides:

> With respect to a motion made pursuant to division (D)(2) of section 2151.413 of the Revised Code, the court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest.

[2] R.C. 2151.413(D)(2) provides:

> Except as provided in division (D)(3) of this section, if a court makes a determination pursuant to division (A)(2) of section 2151.419 of the Revised Code, the public children services agency or private child placing agency required to develop the permanency plan for the child under division (K) of section 2151.417 of the Revised Code shall file a motion in the court that made the determination requesting permanent custody of the child.

2151.414(B)(1)(d) and 2151.413(D)(1), which govern if the child "has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period." Indeed, in its entry, the trial court found, "In this case, [M.F.] has been in the temporary custody of the [Agency] for more than twelve months of a consecutive twenty-two month period * * *." (Doc. No. 270 at 33-34). Considering Flores's concession and the trial court's finding, we reject Flores's argument that the trial court erred by not specifying whether its decision to grant permanent custody was based on R.C. 2151.414(B)(1)(d) and 2151.413(D)(1) or on R.C. 2151.414(B)(2) and 2151.413(D)(2). To the extent Flores argues that the trial court erred by applying statutes it was not required to apply, we reject that argument also. So long as a trial court satisfies minimum requirements to grant a motion for permanent custody, its superfluous consideration of inapplicable statutes is at most harmless error. *See In re Franklin*, 3d Dist. Marion Nos. 9-06-12 and 9-06-13, 2006-Ohio-4841, ¶ 16.

{¶35} Nevertheless, we find merit in one of Flores's sub-arguments under his first argument under this assignment of error. We conclude that the trial court failed to make one of the determinations required under R.C. 2151.414(B)—namely, that it is in M.F.'s best interest to grant permanent custody of M.F. to the Agency. At the conclusion of the permanent-custody hearing, the trial court

instructed the parties to submit written closing arguments and stated, "We will file the report then and I will get a decision out." (Dec. 10, 2014 Tr. at 148-150).

{¶36} In its March 10, 2015 judgment entry, the trial court issued the following orders, among others:

> First: The Agency's motion for Permanent Custody is granted and the disposition is changed to Permanent Custody to the Agency with the goal of adoption.

> Second: In the event that [M.F.'s foster parents] adopt [M.F.] they are strongly urged to continue, at a minimum, the amount of contact that [M.F.] presently shares with her father.

(Doc. No. 270 at 53). Before issuing its orders, the trial court, in its March 10, 2015 judgment entry, found, "In this case, [M.F.] has been in the temporary custody of the [Agency] for more than twelve months of a consecutive twenty-two month period * * *." (Doc. No. 270 at 33-34). However, nowhere in the March 10, 2015 judgment entry or elsewhere did the trial court determine that granting permanent custody of M.F. to the Agency is in M.F.'s best interest. In fact, the trial court stated in its March 10, 2015 judgment entry, on one hand, "It is in [M.F.'s] best interest that she continues to have a relationship with her father." (Doc. No. 270 at 51). On the other hand, the trial court stated, "All of the professionals involved, with the exception of [M.F.'s guardian ad litem], opined

-20-

that the risk of [M.F.] not seeing her father was outweighed by the benefit of adoption to her and the Court finds the same." (*Id.* at 52). These two findings are inconsistent. Indeed, the effect of granting a motion for permanent custody "is to permanently divest the parents of their parental rights." *In re Sims*, 2002-Ohio-3458, at ¶ 43. At any rate, no finding by the trial court, whether in its March 10, 2015 judgment entry or elsewhere, satisfies its statutory obligation to determine that it is in M.F.'s best interest to grant permanent custody of M.F. to the Agency.

{¶37} We hold that the trial court must find that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody. R.C. 2151.414(B). That finding must be supported by clear and convincing evidence. *See id.*; *In re H.M.K.*, 2013-Ohio-4317, at ¶ 40-43. In this case, the trial court failed to make this required finding. That failure amounts to reversible error. *See In re Brown*, 98 Ohio App.3d at 343.

{¶38} Flores's third assignment of error is sustained insofar as the trial court failed to make the required best-interest finding, as discussed above. The remainder of Flores's arguments under his third assignment of error—namely, his second and fourth arguments—which we have not addressed and which concern the merits of a best-interest determination and the manifest weight of the evidence, are moot, and we decline to address them. App.R. 12(A)(1)(c); *In re Arnold*, 3d Dist. Allen Nos. 1-04-71, 1-04-72, and 1-04-73, 2005-Ohio-1418, ¶ 12.

{¶39} On remand for further proceedings consistent with this opinion, the trial court may exercise its discretion concerning whether to hold a new evidentiary hearing or to issue a decision based on the existing record. *See In re Arnold*, 3d Dist. Allen Nos. 1-06-04, 1-06-05, and 1-06-06, 2006-Ohio-2794, ¶ 4-11 (rejecting mother-appellant's argument that the trial court was required to hold a new evidentiary hearing following a reversal and remand by the appellate court based on the trial court's failure to "make proper findings under R.C. 2151.414(B)(1)").

{¶40} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**